31        263
21 SC   147

## Campbell *versus* McCoy *et al.*

An agreement, for a valuable consideration, that one may erect a dam, and back the water of a creek upon the grantor's land, is binding upon subsequent owners of the grantor's title, although at the time they purchased, the old dam had fallen down, and no other had been erected in its place.

Error in the Common Pleas of *Centre county*.

This was an action on the case by John Campbell against R. H. McCoy and others, to recover damages for the overflowing of the plaintiff's land, caused by the erection of a dam in Bald Eagle Creek, on land, adjoining that of plaintiff, owned by John Adams, of whom the defendants were the lessees.

On the 11th November 1820, the land now owned by the plaintiff was conveyed by Hardman Phillips and wife to George Richards; and on the 22d January 1853, James Gilliland, administrator of George Richards, conveyed the premises to the plaintiff, under an Orphans' Court sale. When the plaintiff purchased there was no dam in existence, the old one having fallen down.

The defendants' lessor claimed under the following instrument:

"Article of agreement made the 24th day of November, A. D. 1836, between George Richards of Patton township, Centre county, State of Pennsylvania, of the one part, and David Adams of Rush township, county and state aforesaid, of the other part, witnesseth, that the said George Richards, for the consideration hereinafter mentioned, doth agree to give unto the said David Adams the privilege of building a dam in Bald Eagle Creek, above where the line crosses the creek on the tract on *which* M. Wilson now resides, so as to dam the water back as far as said Richards's lands extend up the creek, and farther if necessary, to make sufficient fall: said Richards agrees to give said Adams the privilege to fill up any of the hollows or low places on the bank of the creek on said Richards's land, and to make a sufficient embankment to prevent the creek from overflowing on said Richards's land; and also agree to let the said Adams enter upon his ground to make said improvement, and also to keep in repair when necessary without any let or hindrance on his part. And the said David Adams, in consideration of the above privilege, doth agree to pay unto the said George Richards the sum of fifty dollars, which is to be considered in full for all the above privilege granted. It is understood that, if there should *art* be sufficient fall in the creek to erect water works, after it has been examined, that the said Adams is not bound to pay the above sum unless he makes use of the privilege granted; and is understood, that if any damage is done by overflowing the bottom land of the said Rich-

[Campbell *v.* McCoy *et al.*]

ards, he is to be allowed what is reasonable and right for the same. We bind ourselves, each to the other, in the penal sum of five hundred dollars each, for the performance of all. Witness our hands, this 24th day of November 1836.

Witness present,  }          GEO. RICHARDS,
WM. WILLIAMS.  }          DAVID ADAMS."

"Received this 24th day of November 1836, five dollars on the agreement by George Richards. Bellefonte, August 28, 1839.

"Received the balance $55, in full of the within consideration money by me.          GEO. RICHARDS."

"Attest, JAS. ROTHROCK.

Acknowledged before Jas. Rothrock, 28 August 1839. Recorded in Centre County, in deed book M. page 408.

The court below (BURNSIDE, P. J.) charged the jury, that permission having been given by George Richards (whose title is now held by the plaintiff) to the defendants to enter, they were not trespassers. That, if any injury had been done, the remedy was by action on the agreement.

To this charge the plaintiff excepted; and a verdict and judgment having been rendered for the defendants, the plaintiff removed the cause to this court, and here assigned such charge for error.

*J. C. Mitchell*, for the plaintiff in error.—The agreement on which the defendants relied, did not create a covenant running with the land: Cathcart *v.* Bowman, 5 *Barr* 319; *Addison on Contracts* 978, 193–4, 27; 3 *Bac. Abr.* 371, 355.

The opinion of the court was delivered by

STRONG, J.—Following the doctrine of the anonymous case reported in 2 *Eq. Ca. Abr.* 522, this court early decided that a parol license to lay conduit-pipes through the land of another was irrevocable, after the person to whom the license was given had executed it by expending his money upon the faith of it: Le Fevre *v.* Le Fevre, 4 *S. & R.* 241. So, in Rerick *v.* Kern, 14 *S. & R.* 267, a verbal license to divert the water of a stream running through the grantor's land, though given without consideration, was ruled to be equivalent to a formal conveyance of the right, after a saw-mill had been built in reliance upon it. And it was further held, that a right under a license, when not specially restricted, is commensurate with the thing of which the license is an accessory. Permission to use water for a mill, or anything else that was viewed by the parties as a permanent erection, will be of unlimited duration; and survive the erection itself, if it should be destroyed, or fall into a state of dilapidation. The principle was broadly asserted, that expending money or labour

[Campbell *v*. McCoy *et al.*]

in consequence of a license to divert a watercourse, or use a water-power in a particular way has the effect of turning such license into an agreement that will be enforced in equity.

Rerick *v.* Kern was followed by McKellip *v.* McIlhenny, 4 *Watts* 317, which, like the present, was the case of a license to flood lands, and in which it was held that such a license executed by the expenditure of money or labour is binding upon all subsequent purchasers of the lands affected by it.    This is necessarily so, for if, as has been ruled, it would be enforced in a court of equity, by decreeing a conveyance by deed, a purchaser from the grantor must take subject to it, since from its very nature he must have notice of it.

With the doctrines thus distinctly asserted by our own courts, the English decisions and those of our sister states entirely concur: 8 *East* 309 ; 7 *Taunt.* 374; Taylor *v.* Waters, 11 *Ad. & Ellis* 34; 2 *Gill* 221 ; 15 *Ohio* 248 ; 7 *N. Hamp.* 237.

These principles are destructive of the case of the plaintiff in error, unless it can be successfully maintained that a written contract based upon a valuable consideration paid, is less operative than an oral license without consideration, each having caused an expenditure of money in reliance upon it.    To vindicate such a proposition, however, no attempt has been made.

Judgment affirmed.