# Moore *v.* Neubert, Appellant.

*Waters — Licenses — Easement — Parol agreement — Improvements — Equity.*

A license to use water may be converted into what is in effect an easement, not upon the principle that the right passes by the parol agreement, but that whenever one party has in part executed it by payment of money, taking possession and making valuable improvements, the conscience of the other is bound to carry it into execution, and equity will compel him to do it.

Where a person uses water from a spring on the land of another under a parol license, and it appears that after the license was given to him he laid pipes to his own land, built a house thereon, and used the water for eighteen years, the successor in title to the owner of the spring with knowledge of the existence of the license, has no right to deprive the licensee of the use of the water.

*Practice, C. P.—Trial—Appeals—Remarks of counsel.*

A judgment on a verdict will not be reversed because of alleged improper and injurious remarks of counsel, where it appears that the verdict was modest in amount, and that the court instructed the jury to disregard the objectionable remarks of counsel.

Argued May 21, 1902. Appeal, No. 150, April T., 1902, by defendant, from judgment of C. P. Armstrong Co., Sept. T., 1902, No. 173, on verdict for plaintiff in case of James A. Moore v. Valentine Neubert et al. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Trespass for deprivation of water rights. Before PATTON, P. J.

At the trial it appeared that the plaintiff claimed to use water from a spring on the defendant's land under a parol license

from J. S. Quigley, defendant's predecessor in title.  It appeared that the plaintiff had used the water for eighteen years, and that after he had received the license he had laid pipes from the spring to a house which he erected on his own land. The defendants tore up the pipes, and this suit was brought for damages.

After argument by counsel for plaintiff, and before the charge of the court to the jury, defendant's counsel requested the court to withdraw a juror and continue the case for the reasons that the counsel for plaintiff in addressing the jury on the subject of damages in the case, said that " Mrs. Moore had lost her arm on account of this case," and also for the reason that he also said : " Take Mr. Neubert, he is the richest man in the country, and the Smiths are rich brewers and rich men, and Mr. Moore is a poor working man."

The Court: We will explain that to the jury ; the request is refused.   [1]

The court charged in part as follows :

It was improper on the part of the counsel for the plaintiff to comment upon the fact that one man was rich or poor, and I feel that you can decide this case without any such consideration, and that it is not necessary to withdraw the case nor submit it to another jury.   You will free your minds from any consideration of the financial standing or condition of these men, because that has nothing whatever to do with the case. You decide it strictly upon the evidence and the law.

Defendant presented this point:

That under all the evidence in this case, the plaintiff is not entitled to recover and a verdict of the jury must be for the defendants.  *Answer :* Refused. [6]

Verdict and judgment for plaintiff for $50.00.   Defendant appealed.

*Errors assigned* were (1, 6) above instructions, quoting them.

*Calvin Rayburn,* for appellants.—A license to enter upon real property is technically an authority given to do some one act or a series of acts on the land of another without passing any estate in the land : Cook v. Stearns, 11 Mass. 533.

The plaintiff not having any more than a parol license from Quigley for the use of water, the same is revokable and defendants are not guilty of trespass: Hodgkins v. Farrington, 5 L. R. A. 209.

*H. A. Heilman,* for appellee.—As to the first assignment of error, there is nothing on the record to support it. In order to make such remarks part of the record and assignable of error, it is necessary to pursue the method pointed out by the Supreme Court in the cases of Holden v. Penna. R. R. Co., 169 Pa. 1, Com. v. Weber, 167 Pa. 153, Com. v. Windish, 176 Pa. 167, Com. v. Zappe, 153 Pa. 498, Com. v. Eisenhower, 181 Pa. 470, and Com. v. Sarves, 17 Pa. Superior Ct. 407.

It has been a long and well established principle of law, that a license may become irrevocable by equitable estoppel, where the licensee relying upon the same takes possession and makes valuable improvements, and the parties cannot be placed in statu quo after the license has been executed: LeFevre v. Le-Fevre, 4 S. & R. 241; Rerick v. Kern, 14 S. & R. 267; Campbell v. McCoy, 31 Pa. 264; Dark v. Johnston, 55 Pa. 169; Huff v. McCauley, 53 Pa. 206; Baldwin v. Taylor, 166 Pa. 507; Hansen v. Farmers' Co-operative Creamery, 106 Iowa, 167; 76 N. W. Repr. 652; Hicox v. Parmelee, 21 Conn. 99; Noftsger v. Barkdoll, 148 Ind. 531 (47 N. E. Repr. 960).

OPINION BY WILLIAM W. PORTER, J., July 10, 1902:

Quigley was the owner of some twenty-two acres of land on which was located a spring. He conveyed a portion of the land to Kline, granting the use of the spring. Subsequently, during negotiations between Moore (the plaintiff) and Quigley in respect to the purchase by the former of a part of the land, Quigley agreed that Moore might have the use of the water provided he could make a satisfactory arrangement with Kline. This resulted in the laying of a pipe from the spring to Kline's property, and thence to the property for which Moore subsequently received a deed from Quigley. This pipe was laid at the joint cost of Moore and Kline. The deed to Moore contained no grant for the use of the water. Pursuant, however, to the promise of Quigley and the arrangement with Kline, Moore proceeded to build a house upon the lot purchased by

him and continued the use of the water for some eighteen years. Quigley's title passed to the defendants.    They denied Moore's right to the water and cut off his pipe.    For this Moore has recovered a small verdict in this action of trespass.

The defendants in this court allege that the plaintiff had no right to recover because (1) his claim to the use of the water being in the nature of an easement, he failed to exhibit a proper grant; and because (2) if the right to use the water was a license, it was revocable by Quigley or his successors in title. The case is not attempted to be supported by the plaintiff on the ground of an easement created by grant, but on the ground of the creation of an irrevocable license.    The court below instructed the jury that the license to Moore was revocable unless Moore had, on the faith of the license, incurred such expenses as could not be compensated in damages, and directed them to find whether such expenses had been incurred.    The court submitted also the question whether the defendants had knowledge of the existence of the license to Moore when they took title to the premises on which the spring was located.    As to the second question, there was little to submit, since one of the defendants, at least, admitted that before the purchase of the Quigley property, he knew that Moore was supplying himself with water from the spring thereon.    On the first question the court committed no error injurious to the defendants.    A license may be converted into what is in effect an easement, not upon the principle that the right passes by the parol agreement, but that whenever one party has in part executed it by payment of money, taking possession and making valuable improvements, the conscience of the other is bound to carry it into execution, and equity will compel him to do it: Le Fevre v. Le Fevre, 4 S. & R. 241; Campbell v. McCoy, 31 Pa. 263; Baldwin v. Taylor, 166 Pa. 507; Huff v. McCauley, 53 Pa. 206.

The appellants complain that the court failed in its duty in not withdrawing a juror because of improper and injurious statements made by counsel in his address to the jury.    We are unable to say that the defendants suffered injury from the cause alleged, in view of the modest verdict returned, and particularly in view of the language of the court at the inception of the charge in which the jury were pointedly instructed to disregard the objectionable remarks of counsel.    See Common-

wealth v. Sarves, 17 Pa. Superior Ct. 407. The assignments of error are eight in number, but as the case is presented in argument, what has been said is believed to cover the errors which the appellant regards as substantial.

The judgment is affirmed.