Opinion by
Henderson, J.,
This is an action of trespass brought by the plaintiff to recover damages for injury to a race horse delivered to the defendant for shipment and which was injured, as was alleged, because of the defendant’s negligence. The plaintiff proved the delivery of the horse to the carrier in good condition and that when taken from the car at Cresson it was found to be badly injured and, after *290 offering evidence as to the amount of damage, rested. This made out a prima facie case for the plaintiff. The defendant thereupon offered in evidence a contract for the transportation of the horse in the form commonly known as a Live Stock Limited Liability Contract. After this evidence was admitted witnesses were called to prove the circumstances under which the horse was hurt, to rebut the presumption of negligence, the defendant’s evidence tending to show that the horse became excited in the car and had what some of the witnesses called a “.car fit.” To this the plaintiff replied with testimony intended to show that there was a steam radiator in the car at the side of the stall in which the plaintiff’s horse was tied; that steam was turned onto this car; that the motion of the train threw the horse against the radiator, burning it, and that the pain and fright thereby produced caused the horse to plunge and kick and throw itself several times and that the cause of the injury was the heated radiator.
The first assignment of error relates to the burden of proof, the appellant contending that the court reversed the logical order and compelled it to assume the affirmative of the issue. This manner of procedure was brought about, however, by the voluntary introduction of testimony in behalf of the defendant as to the history of the accident. If the defendant had rested with the offer of the special contract under which the shipment was made, the burden would have rested on the plaintiff, as there was at that time no evidence for the plaintiff showing that the accident occurred by reason of any injury to the agencies of transportation or through the negligence of the defendant, and the presumption of negligence arising from the fact of the injury had been waived in the contract. When a special agreement is entered into between the shipper and the buyer this supplants the common-law liability except as to the carrier’s negligence and the agreement becomes the law of the case between the parties. The right of a carrier to limit his liability except *291 for Ms own or Ms servant’s negligence has been-decided by "many cases. He may become a limited insurer by a special acceptance of the goods and is relieved from the conclusive presumption of negligence wMch exists where an accident occurs that is not inevitable. If, therefore, the defendant had followed the procedure adopted in Penna. R. R. Co. v. Raiordon, 119 Pa. 577, it would have been entitled to binding instructions unless the plaintiff had replied by proving negligence. Having elected, however, to introduce all of the testimony for the defense at one time the defendant cannot now complain that the proper order was inverted. It was the introduction of the contract by the defendant which sMfted the burden, but the defendant was not bound to rest at that point. All of its evidence going to relieve it from liability might be admitted and as no objection was offered was properly admitted by the court. The issue as to the accident was narrowed down to the inquiry whether steam was turned on from the locomotive into the radiator of the car and whether by reason of the heat in the radiator the horse was burned and frightened and thus injured itself, and on this point the evidence was full, clear and direct on the defendant’s side of the case. We cannot say, therefore, that there was any abuse of discretion by the trial judge in the order of trial.
The second assignment relates to waiver by the defendant of notice of the injury provided for in the contract. A witness was called to prove a conversation with agents of the express company having the subject in charge as to their knowledge of the fact of the accident and as to a settlement of the case. The contract provided that the defendant should not be liable for any loss or damage uMess the sMpper should witMn thirty days after such loss or damage occurs give notice in writing of his claim therefor to the company. The testimony referred to was offered to show knowledge of the injury, that a claim was made and that no objection was made on account of the lack of the formal notice in writing. The provision *292 for notice was for the protection of the carrier and could be waived as was held in Pavitt v. R. R. Co., 153 Pa. 302, and there are many cases which hold that where an insurer received without objection notice of a loss not exactly in accordance with the contract in form or as to time and denied liability for other reasons than the insufficiency of the notice he will be deemed to have waived such informality: Eckert v. Penna. R. R. Co., 211 Pa. 267. The evidence offered shows that the defendant’s local and district agents were in possession of knowledge of the condition of the horse and the alleged injury within a few hours after the accident. As the purpose of the notice is to enable the carrier to investigate the merits of the case while the recollection of witnesses is distinct and their evidence can be procured, the defendant in this case was not prejudiced by lack of the notice which was in technical compliance with the contract and the evidence tends to show that the refusal to pay was because the company denied that the radiator was hot and that the horse was burned or frightened thereby. The evidence was admissible under the authorities referred to.
The third and fourth assignments relate to the admission of a blank form of contract obtained from one of the plaintiff’s attorneys from the agent of the defendant at Ebensburg. This contract was not admissible as it was not the same form which was used in the shipment of live stock and was not a copy of the contract existing between the plaintiff and defendant. The purpose of its introduction was to show that ninety days was the time limited within which notice of the claim of loss must be made. The plaintiff offered testimony to show that he was unable to procure a copy of the contract which he had delivered to the plaintiff.. Application to various agents of the company had failed to afford him a copy of that instrument. An attempt was therefore made by the introduction of this blank contract to show that it was the only form in use and that ninety days were allowed within which to present the claim. But no prejudice resulted *293 to the defendant from the admission of this form, for the court directly and explicitly charged the jury that if the plaintiff did not give notice of his claim within thirty days from the time of the loss he could not recover unless the defendant had waived its right to insist on that stipulation. And this was in exact accord with the contract.
The ninth assignment is that which was most strongly pressed at the argument and which the learned counsel for the appellants stated to be the principal point in the case. The court was asked in the fifth point to instruct the jury that there was not sufficient evidence that any steam was turned into the car to support a verdict for the plaintiff. This point was refused. We have examined the evidence with care and while there is a great preponderance of testimony in support of the proposition presented in the point we cannot say that there is no evidence to the contrary. The testimony of William Smyers, William Kunkle, Harper Williams and perhaps one or two other witnesses would support the allegation that there was steam in the radiator and the witness first named said the horse had the appearance of having been burned. The case was not so clear, therefore, that the court could with propriety have taken it from the jury. The learned judge refused a motion for a new trial and we are not persuaded that there was any abuse of discretion in so doing.
The only remaining point necessary to be considered is the fifth assignment which complains of the refusal of the court to withdraw a juror because of improper remarks made by the plaintiff’s counsel. In his closing address to the jury the declaration was made that it was customary for corporations to insert some things into their contracts which the law did not permit. The court was of the opinion that this remark was not calculated to prejudice the defendant and therefore declined to withdraw a juror. The jury was directed, however, to disregard the remark and to dispose of the case in accordance with the evidence produced and the law as stated by the court, and when we consider the verdict rendered it is apparent that it was *294 not the offspring of prejudice, for the evidence would have authorized a much larger verdict. One of the defendant’s witnesses placed the value of the horse before the injury at $1,000 and the only value placed on it after the injury was $150. We are not persuaded that the discretion of the court was abused or that the defendant was in anywise prejudiced as to this feature of the case: Shaffer v. Coleman, 35 Pa. Superior Ct. 386. On the whole case we are of the opinion that the judgment should be sustained.
Judgment affirmed.