## Harpster *v.* Robinson et al., Appellants.

*Real estate—Rights of way—Prescription rights—Equity.*

A decree in equity restraining defendants from obstructing a private right of way to a public road will be sustained, where the evidence clearly proved a parole agreement by the defendants' predecessor in title; the expenditure of labor and money in the building of the lane; and an open, visible and manifest use thereof for more than twenty-one years.

Argued October 25, 1926. Appeal No. 50, October T., 1926, by defendants from decree of C. P. Blair County, Sitting in Equity, Equity Docket G, No. 1017, in the

case of W. Howard Harpster v. Landis J. Robinson and Roy F. Robinson.  Before Porter, P. J., Henderson, Trexler, Keller, Linn and Cunningham, JJ.  Affirmed.

Bill in equity to restrain the closing of a lane. Before Baldridge, P. J.

The facts are stated in the opinion of the Superior Court.

The Court entered a decree restraining the defendants from any future obstruction of the roadway.  Defendants appealed.

*Errors assigned* were the findings of fact, conclusions of law and the decree of the Court.

*R. A. Henderson,* and with him *O. H. Hewitt,* for appellants.—An easement cannot be created by a reservation or exception in favor of a stranger to the deed: 19 Corpus Juris, page 912, Section 99; Edwards Hall Co. v. Dresser, 46 N. E. 420; Murphy v. Lee, 11 N. E. 550; Hinckel v. Stevens, 58 N. E. 876; Tuscarora Club v. Brown, 109 N. E. 597.  An easement cannot be created by a merely permissive use.  In order to establish such a right the user must be adverse: Huff v. McCauley, 53 Pa. 206; Zerbey v. Allan, 215 Pa. 383; Demuth v. Amweg, 90 Pa. 185; Root v. Commonwealth, 98 Pa. 174; Bennett v. Biddle, 140 Pa. 403; Chest. H. & S. House T. Co. v. Piper, 77 Pa. 432.

*W. I. Woodcock,* and with him *John Woodcock,* for appellee.

Opinion by Porter, P. J., March 3, 1927:

This is a proceeding in equity to restrain the defendants from obstructing a right of way from a public highway over the lands of the defendants to the rear

of property owned by the plaintiff. For more than twenty-one years before the defendants acquired title to the property fronting on the public highway, the alley, or right of way, had constituted an open, visible, permanent and continuous service or easement, over the land now owned by the defendants, in favor of the land now owned by the plaintiff. There was no question as to the location of the way as used; upon one side thereof the plaintiff and his predecessors in title had erected and maintained a fence, and upon the other side the predecessor in title of the defendants had erected and maintained a stone wall. There was lacking, therefore, no element of a conclusive presumption in plaintiff's favor, and his title by lapse of time was complete. The court below entered a decree restraining the defendants from obstructing the way and the appeal is by the defendants.

The appellants contend, however, that the use of the way by the plaintiff and his predecessor in title, Clara Stiffler, was under a mere license, and not adverse to the owners of the servient tenement. This contention raised questions as to the manner in which the alleged right of way originated and the manner of its subsequent use. The appellee, in the presentation of evidence, did not stop when he had proved the open, visible and manifest use of the way during a period of over twenty-one years prior to the acquisition of title by the defendants, but proceeded to introduce evidence to establish the manner in which the way had its origin and the history of the use thereof down until some time after acquisition of title by the defendants. He called as a witness Harvey Robinson, who testified that early in the year 1900 he had acquired title to the property now owned by the defendants and that he and his wife had continued to own and occupy the property until the year 1921, when they conveyed it to Landis J. Robinson, one of the defendants. This witness testi-

fied, and as to all the material facts he was fully corroborated by other witnesses, as to the circumstances under which the way originated, was constructed and used. His testimony was in substance as follows. Early in 1900 one Burger owned a tract of land and the witness wanted to buy the part of that tract fronting on the public highway. "Burger was not particular to sell; the only way was if I would give him and Mrs. Stiffler [the predecessor in title of the plaintiff] the right of way into the rear of their property and he says we will sell to the Stiffler line and we would make an easement for our heirs and assigns." The witness was asked, in cross-examination, "Q. Didn't Mr. Harpster [the plaintiff] speak to you about getting permission to go in this lane? A. No, it was an agreement between Ephriam Burger, Mrs. Stiffler and myself. It was neglected to be put in the deed. We expected to live peaceably together, which we did." He testified that the road was to be for the use of "myself, Ephriam Burger, Mrs. Stiffler and our heirs; all of our heirs." The road was built in pursuance of this oral agreement and all the work of constructing it was done by Burger and this plaintiff, who was a son of Clara Stiffler, whose title he has inherited. This plaintiff paid for and put in the tile drain, under the private road where it intersected the public highway. From the time Harvey Robinson bought, in 1900, down until he sold to Landis J. Robinson, in 1921, he testified, as to the road: "It was open at all times during that period. Used by Harpster and myself when I needed it. In fact, it was used by all parties; I considered it a public road." He built the stone wall, which marked the easterly line of the road. The plaintiff testified that he had lived with his mother, Mrs. Stiffler, at the time the road was constructed, in the spring of 1900; that he and Mr. Burger had done all the work upon the road and he corroborated the testi-

mony of Harvey Robinson as to the agreement, before the road was constructed, that it should be for the use of the owners of the three tracts of land. He further testified that he had never asked or obtained permission from any other person to use the road, and that the road had continued to be used in connection with his tract of land from early in 1900 until the defendants attempted to obstruct it in 1923. The learned judge of the court below after hearing all the evidence found the facts to be as stated by these witnesses. There can be no question, under this evidence and finding, that the use of the road by the plaintiff and his predecessor in title, for more than twenty-one years, was adverse, under a claim of right, as against the title of the owner of the servient tenement. Harvey Robinson, the owner of that servient tenement testified that such was his understanding, and that testimony was corroborated not only by that of the plaintiff, but by the conditions upon the ground. It is true that the parol agreement testified to by Harvey Robinson would, if in writing, have constituted the right of way an incorporeal hereditament, which lies only in grant, and that agreement could not have been enforced against Harvey Robinson, had he elected to repudiate it. The statute of frauds does not require that an owner of land must repudiate his parol agreement, nor does it prohibit him from acting in accordance with the suggestions of good conscience. Harvey Robinson permitted those with whom he had entered into the parol contract to enter upon his land and there expend labor and money in the construction of the road and he permitted them to use that road for more than twenty-one years, knowing that it was being so used under a claim of right. The plaintiff and his predecessor in title thus acquired right of way by prescription. Harvey Robinson seems to have been a man not only inclined to keep his parol engagements, but also to take

measures to protect those with whom he had dealt, for when he conveyed the land to Landis J. Robinson he incorporated in his deed this provision, viz: "Excepting and reserving for the use of Mrs. Clara Stiffler and Roy F. Robinson, formerly Mrs. Eva Burger, in common with the grantors, their heirs and assigns forever the right of ingress and egress in, to and from adjoining land lying west and north of this tract for a road or alley now on the ground and in use by the parties herein mentioned." It is true that Clara Stiffler was not a party to that deed, but if it be assumed that Clara Stiffler and her heirs could take nothing under a deed to which she was not a party, that deed was a direct notice to these appellants that their grantor recognized the fact that Clara Stiffler already had a right of way over the property. The evidence in the case was clearly sufficient to sustain the findings of the learned judge of the court below and warrant the decree appealed from: Le Fevre v. Le Fevre, 4 Sergeant & Rawle 241; Kieffer v. Imhoff, 26 Pa. 438; Grace Church v. Dobbins, 153 Pa. 294; Manbeck v. Jones, 190 Pa. 171; Moore v. Neubert, 21 Pa. Superior Ct. 144.

The assignments of error are overruled. The decree is affirmed and the appeal dismissed at cost of the appellants.