| 205 | 645 |
| f215 | 438 |

| 205 | 645 |
| 222 | 538 |

| 205 | 645 |
| 225 | 265 |

## Smith *v.* Pennsylvania Railroad Company, Appellant.

*Eminent domain—Land damages—Competency of witnesses.*

In a proceeding against a railroad company to assess damages for the taking of land under condemnation proceedings, two witnesses were called by the plaintiff, one of whom had lived in the neighborhood of the land and known it for thirty-four years, and the other all his life. They were familiar with the entire tract during this time, knew the character and quality of the land and the improvements upon it and the manner in which the railroad company passed through it and its proximity to the buildings. They visited the premises frequently and passed them several times each year. In addition to the knowledge they possessed of the land and its improvements, each testified that he knew the value of the land in the community in which the property was situated, acquired by a

knowledge of sales of land and what it was held at by the owners. They knew of very few sales, but it appeared that there had been but few sales in the neighborhood. Both witnesses lived in a village of a few hundred inhabitants near the land and had heard the value of the property in question and of other lands discussed in the places of business. It appeared by the testimony of the witnesses that when a sale of property took place in the community it was "the principal topic of conversation" in the village. *Held*, that the witnesses were competent.

Argued Feb. 10, 1903. Appeal, No. 217, Jan., T., 1902, by defendant, from judgment of C. P. Chester Co., Oct. T., 1901, No. 39, in case of David L. Smith and Wife v. Pennsylvania Railroad Company. Before MITCHELL, DEAN, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Appeal from award of jury of view assessing damages to plaintiffs for lands taken by the defendant for the purpose of straightening its tracks in Sadsbury township, Chester county. Before HEMPHILL, P. J.

The question for determination appears by the opinion of the Supreme Court.

Verdict and judgment for plaintiff for $10,115. Defendant appealed.

*Error assigned* was the admissibility of the testimony of certain witnesses called by plaintiff to estimate the damages, upon the ground that they were not qualified to express an opinion.

*John J. Pinkerton*, for appellant, cited: Pittsburg, etc., Ry. Co. v. Vance, 115 Pa. 325; Reading & Pottsville R. R. Co. v. Balthaser, 126 Pa. 1; Michael v. Cresent Pipe Line Co., 159 Pa. 99; Pitts. & Western R. R. Co. v. Patterson, 107 Pa. 461; East Penna. R. R. Co. v. Hiester, 40 Pa. 53.

*Wilmer W. MacEleree*, with him *Joseph H. Baldwin*, for appellee, cited: Galbraith v. Phila. Co., 5 Pa. Superior Ct. 178; Struthers v. Phila., etc., R. R. Co., 174 Pa. 291; Lewis v. Springfield Water Company, 176 Pa. 230.

OPINION BY MR. JUSTICE MESTREZAT, May 4, 1903:

The only question in this case requiring consideration is the

competency of Frank Russel and Clarence Hope, two witnesses called by the plaintiffs to establish the value of the land before and after the construction of the defendant's railroad over it. It is contended by the defendant that these witnesses did not show sufficient knowledge of the property and of the values of land in the neighborhood to qualify them to place an estimate on the plaintiff's land. This contention is supported by the excerpts from the testimony of the two witnesses quoted in the defendant's brief, but it is not sustained by the whole of their testimony.

One of the witnesses had lived in the neighborhood of the land and had known it for thirty-four years; the other witness, all his life. They were familiar with the entire tract during this time, knew the character and quality of the land and the improvements upon it at the time a part of it was appropriated by the defendant company in the construction of its railroad. They also knew the manner in which the railroad passed through the land and its proximity to the buildings. They visited the premises frequently and passed them several times each year. In addition to the thorough knowledge they possessed of the land and its improvements, they each testified they knew the value of the land in the community in which the property was situated. This information was acquired by a knowledge of sales of land and what it was held at by the owners. It is true they knew of very few sales, but, as was disclosed by defendant's witnesses, this was because there had been very few sales of recent date in that neighborhood. Both witnesses lived in a village of a few hundred inhabitants near the land, and, as appears by the testimony, they heard the value of this and other lands discussed in the places of business there. One of the witnesses said that when a sale of property took place in the community it was "the principal topic of conversation" in the village.

We are satisfied that the witnesses disclosed sufficient knowledge to qualify them to place an intelligent estimate on the land of the plaintiffs injured by the construction of the defendant's road, and therefore the judgment is affirmed.