# Commonwealth *v.* Striepeke, Appellant.

*Criminal law—Charge of court—Trial.*

On a criminal trial it is proper for the court to charge as follows: "The commonwealth must make out a case which convinces the jury of the guilt of the defendant, and the various elements of it, and all of them, so that there is no reasonable doubt left in the minds of the jury that the commonwealth's case is made out. The duty of the jury, therefore, is to take all the evidence they have heard, both of the commonwealth and the defendant, and apply it to their own common sense, their knowledge of human affairs, and to make up their minds whether or not they are convinced, they are sure, that there is no reasonable doubt that the defendant is guilty."

*Criminal law—Improper conduct of counsel—Jury—Discretion of court.*

Where private counsel for the commonwealth in a criminal prosecution uses violent and inflammatory language against the defendant, but the court in a calm and dispassionate charge warns the jury not to be affected by prejudice, and subsequently refuses a motion for a new trial based on the language used by counsel, the appellate court will not under the circumstances review the discretion of the trial judge and reverse the judgment entered on a verdict of guilty.

Argued May 9, 1906.　　　Appeal, No. 83, April T., 1906, by defendant, from judgment of Q. S. Allegheny Co., Dec. T., 1905, No. 980, on verdict of guilty in case of Commonwealth v. Charles S. Striepeke. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Indictment for aiding and abetting a misdemeanor. Before SHAFER, J.

The opinion of the Superior Court states the case.

Verdict of guilty, upon which judgment of sentence was passed.

*Errors assigned* were as follows:

1. The court erred in qualifying and not affirming without qualification defendant's fourth point, which point and the answer thereto are as follows:

" A reasonable doubt may arise in a cause without springing from the evidence. It may arise from the lack of evidence, or it may arise from any cause operating to produce a doubt in the minds of the jurors; and if the jury, or any one of them, has a reasonable doubt as to the offense, or the grade of the offense, it is the property of the defendant, and he should have the benefit thereof. *Answer:* Refused because this would allow a juror to act upon a doubt raised by his own information about the case from hearsay or otherwise."

2. The court erred in not withdrawing the case from the jury, and continuing the same; and in not cautioning the jury and rebuking counsel; and in not subsequently granting a new trial because of the improper remarks of Mr. Marron, attorney for the commonwealth, in his closing argument to the jury, the same having been excepted to at the time and a request

for a continuance made, by the counsel for the defendant, the speech written out in full by the court stenographer and sworn to by him, as required by the rulings of the Supreme and Superior Courts.

*Thomas M. Marshall, Jr.*, with him *William J. Brennen*, for appellant, cited: McClosky v. Dubois Borough, 4 Pa. Superior Ct. 181; Henry v. Huff, 143 Pa. 548.

*John Marron*, with him *R. E. Stewart*, district attorney, and *John C. Haymaker*, for appellee.

OPINION BY ORLADY, J., October 22, 1906:

The defendant was indicted and convicted upon a charge of aiding and abetting a misdemeanor, to wit: maintaining a common bawdy house and place for the sale of liquor on Sunday and without a license. The first assignment of error is without merit. The answer to the point, taken in connection with the general charge of the court, fully and fairly presented the defendant's theory of the case. The rule to govern the deliberation of the jury was stated to be as follows : " The commonwealth must make out a case which convinces the jury of the guilt of the defendant, and the various elements of it, and all of them, so that there is no reasonable doubt left in the minds of the jury that the commonwealth's case is made out. The duty of the jury, therefore, is to take all the evidence they have heard, both of the commonwealth and the defendant, and apply it to their own common sense, their knowledge of human affairs, and to make up their minds whether or not they are convinced, they are sure, that there is no reasonable doubt that the defendant is guilty. If they are so convinced, then it is their duty to find him guilty; and if not so convinced, then it is their duty to find him not guilty."

The second assignment of error raises a question that is not free from difficulty, and it is important to consider the surroundings which developed it. One McElwain was the director of the department of public works ; one Scandret, the director of public safety, and this defendant, a commissioner of highways in the department of public works of Allegheny city, each being inducted into office in the spring of 1903. Soon

thereafter a crusade against the social evils in the city was begun through unofficial sources, and culminated in the prosecution of a number of public officials. At the same term of court at which this case was tried, and before the same panel of jurors, a captain of police had been convicted of the crime of extortion (see Commonwealth v. Wilson, 30 Pa. Superior Ct. 26, 32), for taking money from the same class of persons with whom this defendant was alleged to have aided and abetted in committing the misdemeanor charged in this indictment.

The district attorney of the county had associated with him as assistants in the prosecution of this case, two prominent members of the Allegheny county bar, and to whom he transferred the active management of the case. In the concluding argument before the jury, one of these counsel, speaking for the district attorney, commented upon the crime with which this defendant was charged, and of his association with the two other public officials, in the language which is the subject of this assignment of error, and which has been regularly brought on the record for our review. The attention of the court was promptly called to it, and an exception was taken to the objectionable parts of the speech as being contrary to law, and calculated to inflame the minds of the jury against the defendant.

The law on this subject has been so frequently declared that there can be no doubt as to the privilege of counsel and the duty of the court under such circumstances. The object of a trial at law is to do exact justice under the evidence between the parties. Allusions to the wealth or poverty of the parties, strength of municipal or private corporations, and the helplessness of ordinary citizens, are proper when they are made in a spirit of fairness, and for the purpose of stimulating the jury to a careful and conscientious discharge of their duty in the particular case; but when such allusions are made and changes are rung upon them, for the evident purpose of inflaming the passions and prejudices of the jurors, and leading them to disregard their duty and overlook the actual facts, or set aside the clear legal rights, they are improper and reprehensible, and the advocate who makes them forgets his official oath, and the judge who permits them neglects a clear official duty, is the language of the Supreme Court in Henry v. Huff, 143 Pa. 548. It is further said in Holden v. Penna. Railroad Co.,

169 Pa. 1: "When juries are so palpably regardless of their duty and of the sanctity of their oaths, that they permit their verdicts to be rendered in obedience to their prejudices or their sympathies, the trial court should deal with them in a firm and decisive manner, and should reject their erroneous verdicts, without the least hesitation or delay. Otherwise the administration of justice is brought into public contempt and dishonor." It is not sufficient that the verdict rendered is a correct one if it is secured by improper methods. It should not only be a true verdict, but should be obtained in a legal and orderly method under the law and the evidence. As was said by Chief Justice PAXSON in Commonwealth v. Nicely, 130 Pa. 261, "It is difficult to measure the amount of zeal which is allowable, or at least excusable, on the part of counsel engaged in the defense of a man who is upon trial for his life. Writers upon professional ethics differ upon the subject, and I will not discuss it. We have no difficulty, however, in measuring the extent of zeal which counsel for the commonwealth may properly display upon such occasions. The district attorney is a quasi-judicial officer. He represents the commonwealth and the commonwealth demands no victim. It seeks justice only, equal and impartial justice, and it is as much the duty of the district attorney to see that no innocent man suffers, as to see that no guilty man escapes. Hence he should act impartially. He should present the commonwealth's case fairly, and should not press upon the jury any deductions from the evidence that are not properly legitimate. When he exceeds this limit, and in hot zeal seeks to influence them by appealing to their prejudices, he is no longer an impartial officer, but becomes a heated partisan. When he allows private counsel to assist him in the trial of a case, such counsel represents him to that extent, and should be governed by the same rule of propriety;" see also Commonwealth v. Bubnis, 197 Pa. 542; Commonwealth v. Smith, 2 Pa. Superior Ct. 474; Wagner v. Hazle Township, 215 Pa. 219; Walsh v. Wilkes-Barre, 215 Pa. 226; Hale v. Hale, ante, p. 37. An interesting review of many authorities on this subject is found in 45 Central Law Journal, 292. Under all the authorities, counsel should be held to a strict accountability for language used in addressing the jury, and where wilful or reckless misstatements of the evidence are

made, a juror should be withdrawn or a new trial granted: Dougherty v. Pittsburg Railways Co., 213 Pa. 346. The denunciation of the witness Scandret, for bringing admittedly innocent parties to corroborate his statement, was not warranted by anything in the evidence, and merited a prompt rebuke by the court. To give such a rebuke is certainly the right of the judge, and sometimes it is his imperative duty to exercise that right in an emphatic manner. This witness was not on trial, but his relations with the defendant were so officially intimate that the conduct of the one might fairly be held to be a reflex of the intention of the other in doing an act connected with their common administration of the department for which they were authorized to act. The circumstances of this case were so exceptional, and the crime of which the defendant stands convicted is so rare, that it is difficult to characterize it in ordinary speech. It may be that such forensic displays rarely affect deliberate judgment, but it is well known that they sometimes do, and are frequently resorted to for that very purpose. But independent of any possible influence which may be credited to the language embraced in this assignment, there was abundant evidence in the case to warrant this verdict; and the remarks made by the counsel for the defendant which immediately preceded the argument of which complaint is now made, are not before us, and how much of this was responsive thereto, and a legitimate answer, is impossible of measurement. The rule is summarized by the present Chief Justice of the Supreme Court in Commonwealth v. Ezell, 212 Pa. 293, as follows : " The arguments of counsel to the jury are not assignable as error. 'We have had occasion to say on several occasions within the last few years that there is no way provided for excepting to the remarks of counsel:' Com. v. Windish, 176 Pa. 167. They are under the supervision and control of the judge, who is not bound to give attention to them unless called upon to do so. If the district attorney's remarks can be made the subject of exception, then so must be those of the defendant's counsel, and the appellate court would be asked to review the trial, not on the evidence, but on the talk. When counsel misstate facts or material evidence, or resort to comment unfair or unduly prejudicial to the other side, it is the duty of the opposing counsel at once to call the attention of

the court to the matter, and the action of the court may then become the subject of exception. In general it is matter of discretion and reviewable only for abuse: Com v. Windish, 176 Pa. 167; Com. v. Weber, 167 Pa. 153." In a doubtful case we will assume that the jurors acted upon the admonition of the trial judge, to disregard the questionable remarks, rather than that they were improperly influenced by them. In the case before us the trial judge, with a full appreciation of the defendant's right, and the exception taken by the defendant's attorney, endeavored to overcome every improper deduction to be drawn from the argument of the assistant district attorney while the incident was yet fresh in the minds of all, by his calm and dispassionate charge to the jury, as follows: " Now this case has taken more time than cases of this kind might ordinarily take, and I think I ought to warn the jury not to be affected by prejudice. and newspaper comments, for one thing, because I am sure the jury have seen, perhaps not comments, but a large amount of reports of this case in the newspapers, and perhaps comments in some of them. You must not have the idea that it is perhaps of some political consequence in some way or other. I think it is our duty to say to you that all such prejudice should be dismissed strictly from your minds, and you will pay no attention to anything the newspapers have said about it, or that you have heard said about it out of court, and dismiss from your minds that it has any political effect, or that it is intended to reform the city government of Allegheny, in any manner at all. It is to be tried and determined strictly upon its merits. Upon the law and evidence in this particular case, and in no other way, because in no other way can justice be done between the commonwealth and the defendant." We cannot reproduce the conditions attending the trial, nor accurately measure the effect of such a speech upon the average juryman; and while the opinion of the court below in refusing a new trial is not a part of this record, an examination of it gives a fair impression of the views of the trial judge at the time the words were uttered, viz.: " The only doubt we have in this case is as to whether or not these instructions to the jury, given immediately after the ending of the appeal complained of, ought to be sufficient to remove from their minds any prejudice which might have been

raised by counsel's appeal to them, not to let their verdict be affected or controlled by anything outside of the law and evidence in this case." He concludes, " Upon consideration of the circumstances we are of the opinion that this matter does not furnish sufficient reason for the granting of a new trial." It is quite apparent that there was an intense public sentiment in regard to the verdict, and rightly so, as the crime charged was not only a dangerous assault on good government, but as found by the jury, it was made by those who were intrusted by the law with the preservation of the law. The charge of the court was so fair and dispassionate a statement of the case that every member of the jury must have realized that the verdict he was to return should be founded only on the evidence adduced on the trial, and the trial judge, after a further examination of the whole case, in the light of all the attending circumstances, believed that he had fully safeguarded the rights of the defendant, and refused a new trial. Under these circumstances we are disposed to accept his judgment as a correct one. Many authorities in our state hold that the disposition of the question in controversy here is regarded very largely as a matter appealing to the discretion of the trial judge, and only in cases of manifest error is this conclusion overruled by the appellate courts. We cannot say, as a matter of law, on an inspection of the record as presented to us, that this defendant was unduly convicted on the trial in the court below.

The assignments of error are overruled, the judgment is affirmed, and it is ordered that the record be returned to the court below to the end that the sentence of the court may be carried into effect, and the defendant committed for the term of his imprisonment which had not expired at the time this appeal was made a supersedeas.