## Cook *v.* Erie Electric Motor Company, Appellant.

*Practice C. P.—Trial—Objectionable remark of counsel—Refusal to withdraw juror.*

1. Where on the trial of a cause plaintiff's counsel says "this great millionaire company don't deny that," and defendant's counsel objects and asks that a juror be withdrawn and the plaintiff's counsel at once withdraws the remark, and the judge instantly cautions the jury to disregard the remark entirely, the appellate court will not reverse the case because the trial judge declined to withdraw a juror.

*Negligence—Street railways—Right-angle collision between car and wagon.*

2. In an action against a street railway company to recover for personal injuries sustained in a right-angle collision between a car and wagon, it appeared that plaintiff was driving in the nighttime along the side of defendant's track in a street, and that he attempted to cross the tracks where they made a slight curve in the street, but not at a street intersection. He was driving so nearly parallel with the track that, when his horses got within five feet of the track in front of them, the track would not be over eighteen inches from the horses at right angles to them. At this point he looked for an approaching car. It also appeared that at this point the public generally crossed the track. The car was being run at a high rate of speed at the time. *Held,* that the case was for the jury and that a verdict and judgment for plaintiff should be sustained.

Argued April 27, 1909. Appeal, No. 106, Jan. T., 1909, by defendant, from judgment of C. P. Erie Co., Nov. T., 1907, No. 90, on verdict for plaintiff in case of Reuben A. Cook v. Erie Electric Motor Company. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before WALLING, P. J.

In addition to the facts stated in the opinion of the Supreme Court it appeared that the accident happened on the night of December 4, 1906, when it was dark, and that the electric car was running at a high rate of speed.

The court submitted the case to the jury.

Verdict and judgment for plaintiff for $1,750.   Defendant appealed.

*Errors assigned* among others were (1) refusal of binding instructions for defendant; and (7) refusal to withdraw a juror.

*S. A. Davenport*, with him *J. M. Sherwin*, for appellant.

*A. P. Howard*, with him *L. G. Peck*, for appellee.

PER CURIAM, May 20, 1909:

In the argument to the jury counsel for plaintiff in commenting on the evidence in the case and the damages that should be awarded the plaintiff said: "This great millionaire company don't deny that." Defendant's counsel objected to this remark, and asked that a juror be withdrawn. The plaintiff's counsel at once withdrew the remark, and the judge said: "We say to the jury that you should entirely disregard that remark. There is no evidence to base it on, and you should disregard it entirely. The counsel having withdrawn it we decline to grant the request of the defendant, but will seal them an exception."

It has been frequently held that in this class of cases no irregularities should be permitted which tend to inflame the prejudices of the jury against the defendant, and in a flagrant case this court will reverse for such error. But so much depends on the immediate circumstances and what may be called the atmosphere of the trial that a large discretion must be allowed to the trial judge. In the present case the action of the judge in cautioning the jury was so prompt and the withdrawal of the improper remark by counsel was so frank and unreserved that we cannot say that the judge did not use a wise discretion in refusing to withdraw a juror.

On the main question of plaintiff's negligence we adopt the language of the judge in refusing a new trial: "Plaintiff was not attempting to cross defendant's track at a street intersection, but was driving along at the side of the track in the street and attempted to cross the tracks where the track makes

a slight curve in the street. He was driving so nearly parallel with the track, that, when his horses got within five feet of the track in front of them the track would not be over eighteen inches from the horses at right angles to them. As a car projects nearly that distance outside of the track, it would appear from plaintiff's evidence that when he looked for an approaching car he was as near the track as it was practical to go without looking. We cannot say that the jury were not justified in finding that he looked at the edge of the track, and, as that was the place where the evidence tended to show the public generally crossed the track, we cannot say that the plaintiff was negligent in attempting to drive over the track at that curve. We are still of the opinion that the case was for the jury."

Judgment affirmed.