## Keefer *v.* Mellott, Appellant.

*Practice, C. P.—Trial—Improper remark of counsel—Withdrawal of juror.*

The action of a trial judge in refusing to withdraw a juror and continue a case on the ground of improper remarks of counsel will not be reversed by the appellate court where it appears that as soon as objection was made, counsel apologized for the remarks, and stated in the presence of the jury that they should not have been made, and the court at once cautioned the jury not to consider the remarks.

Argued Oct. 17, 1910. Appeal, No. 19, Oct. T., 1910, by defendant, from judgment of C. P. Fulton Co., June Term, 1909, No. 49, on verdict for plaintiff in case of George F. Keefer v. Rowe Mellott. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Trespass to recover damages for injuries to the water power of a mill. Before SWOPE, P. J.

At the trial Mr. Sipes, in addressing the jury on behalf of the plaintiff, used the following language:

"When Ahab, the weakest and perhaps the worst king that ever sat on the throne of Israel, coveted Naboth's vineyard, he went to his wife about it. She said to him in substance, 'Well, don't whimper or whine about it; go and take it.' And he did. And so when O. J. Gunning, the lessee of the defendant's mill, had made repairs and put in his machinery preparatory to beginning work of making handles, etc., he wanted, or thought he wanted more power, and cast around how it might be had, and went to Rowe Mellott, the defendant, about it. And they decided to raise the dam and take George Keefer's power. Gentlemen of the jury, is the result of this case to be an illustration of the saying 'To him that hath shall be given and to him that hath not shall be taken even that he hath?' Is the little that poor George Keefer has to be given to Rowe Mellott, a man of means?"

472        KEEFER *v.* MELLOTT, Appellant.

Statement of Facts—Opinion of the Court.   [44 Pa. Superior Ct.

Mr. Walter takes exception to these remarks of Mr. Sipes.

The court admonishes Mr. Sipes not to mention anything not in the evidence.

Mr. Walter: And now I move, your honor, that a juror be withdrawn and the case be continued at the costs of the plaintiff.

The Court: After the statement of the court we do not deem it necessary. Gentlemen of the jury, you will not be influenced by sympathy or consideration as between the men at all. Let him argue on the testimony of the case. That is an error. You will not consider that at all. Exception by the defendant: bill sealed.

Verdict and judgment for plaintiff for $35.00. Defendant appealed.

*Error assigned* was the above ruling of the court.

*Charles Walter*, with him *Frank P. Lynch* and *S. W. Kirk*, for appellant, cited: Holden v. Penna. R. R. Co., 169 Pa. 1; Guckavan v. Traction Co., 203 Pa. 521; Wagner v. Hazle Twp., 215 Pa. 219; Com. v. Weber, 167 Pa. 153; Hollis v. United States Glass Co., 220 Pa. 49; Quinn v. Rapid Transit Co., 224 Pa. 162; Fisher v. Railroad Co., 227 Pa. 635.

*John P. Sipes*, for appellee, cited: Henry v. Huff, 143 Pa. 548; Cook v. Erie Electric Motor Co., 225 Pa. 91; Moore v. Neubert, 21 Pa. Superior Ct. 144; Shaffer v. Coleman, 35 Pa. Superior Ct. 386.

PER CURIAM, November 21, 1910:

In the late case of Cook v. Electric Motor Co., 225 Pa. 91, the court said: "It has been frequently held that in this class of cases no irregularities should be permitted which tend to inflame the prejudices of the jury against the defendant, and in a flagrant case this court will reverse for such error. But so much depends on the im-

mediate circumstances and what may be called the atmosphere of the trial that a large discretion must be allowed to the trial judge. In the present case the action of the judge in cautioning the jury was so prompt and the withdrawal of the improper remark by counsel was so frank and unreserved that we cannot say that the judge did not use wise discretion in refusing to withdraw a juror." These remarks are peculiarly applicable to the present case when all that occurred at the time the exception was taken is considered. It was admitted at bar that immediately upon objection being made, counsel for the appellee promptly apologized and stated in the presence of the jury that he ought not to have made the remarks objected to. It appears also in the bill of exceptions, as noted in the official report of the trial, that the court at once admonished counsel not to mention what was not in the evidence, and at the same time cautioned the jury in the following explicit language: "Gentlemen of the jury, you will not be influenced by sympathy or consideration as between the men at all. Let him argue on the testimony of the case. That is an error. You will not consider that at all." The verdict was small, and upon consideration of those matters which do not appear in the assignment of error in connection with what does appear, and having due regard to the consideration that in the determination of such questions something must be left to the sound discretion of the trial judge, we are unable to say that reversible error was committed in overruling the defendant's motion.

The judgment is affirmed.