# Miller *v.* Philadelphia Rapid Transit Company, Appellant.

*Negligence—Street railways—Summer car—Standing on running board—Contributory negligence.*

1. In an action against a street railway company to recover damages for death of plaintiff's husband killed by falling from the running board of a summer car, a verdict and judgment for plaintiff will be sustained where the evidence tends to show that the deceased was either thrown from the car by its rapid motion when it entered a switch, or that he was knocked off by striking a standing car on the main track; that the track and switch were so near each other that there were but twenty-eight inches between the sides of the cars and but two inches between the running boards; that the car started as soon as the deceased stepped on the running board, and that he fell within eight or ten seconds afterwards, while he was endeavoring to get into the car, which was crowded with passengers.

*Practice, C. P.—Trial—Remarks of counsel—Continuance.*

2. On the trial of an accident case against a street railway company, a witness for the plaintiff was charged with having made false statements to the defendant's employees in order to obtain information

from them and to secure an opportunity to make measurements. Plaintiff's counsel in his address to the jury used these words: "We had to go to the enemy's camp to get the evidence; to get justice from this powerful, wealthy and rich corporation." The trial judge warned the jurors against letting these words have any prejudicial effect upon their minds. *Held,* that there was no error in refusing to withdraw a juror and continue the case under the circumstances.

Argued Feb. 28, 1911. Appeal, No. 168, Jan. T., 1910, by defendant, from judgment of C. P. Delaware Co., June Term, 1909, No. 72, on verdict for plaintiff in case of Margaret Miller v. Philadelphia Rapid Transit Company. Before FELL, C. J., BROWN, POTTER, ELKIN and STEWART, JJ. Affirmed.

Trespass to recover damages for death of plaintiff's husband. Before JOHNSON, P. J.

The facts are stated in the opinion of the Supreme Court.

Verdict and judgment for plaintiff for $6,662.50. Defendant appealed.

*Errors assigned* were (1) refusal to withdraw a juror; (2) refusal of binding instructions for defendant.

*Thomas Leaming,* with him *E. A. Howell,* for appellant.—It was the duty of the court to withdraw a juror and continue the case upon counsel transgressing the rule so often laid down by this court forbidding inflammatory and improper suggestions to the jury: Saxton v. Pittsburg Rys. Co., 219 Pa. 492; Wagner v. Hazle Twp., 215 Pa. 219; Walsh v. Wilkes-Barre, 215 Pa. 226; Com. v. Swartz, 37 Pa. Superior Ct. 507.

Binding instructions for the defendant should have been given because there was no proof of negligence in the mere fact that the man fell from the car: Cline v. Rys. Co., 226 Pa. 586.

Binding instructions for the defendant should have been given because the decedent was guilty of contributory negligence: McDade v. Phila. Rapid Transit Co., 215 Pa. 105; Burns v. Pass. Ry. Co., 213 Pa. 143.

*William C. Alexander,* with him *Frank B. Rhodes,* for appellee.—The appellate court will not reverse a judgment on a verdict because the trial judge refused to withdraw a juror and continue the case on account of improper remarks of counsel to the jury, where it appears that the verdict was not excessive or unreasonable, and that the judge warned the jury not to be influenced or affected in any way by any improper and questionable remarks of counsel: Brenisholtz v. Penna. R. R. Co., 229 Pa. 88; Com. v. Sarves, 17 Pa. Superior Ct. 407; Moore v. Neubert, 21 Pa. Superior Ct. 144; Com. v. Striepeke, 32 Pa. Superior Ct. 82; Shaffer v. Coleman, 35 Pa. Superior Ct. 386; Behrens v. Mountz, 37 Pa. Superior Ct. 326.

Where a person, without fault on his part, is suddenly placed in a position of difficulty or danger he is not bound to the use of the best judgment in his efforts to extricate himself: Cannon v. Traction Company, 194 Pa. 159; Stover v. Penna. R. R. Co., 195 Pa. 616; Cohn v. May, 210 Pa. 615; McCurdy v. Traction Co., 15 Pa. Superior Ct. 29; McCaw v. Traction Co., 205 Pa. 271; Reber v. Traction Co., 179 Pa. 339; Malone v. R. R. Co., 152 Pa. 390; Bumbear v. Traction Co., 198 Pa. 198.

There was negligence on the part of defendant: McCurdy v. Traction Co., 15 Pa. Superior Ct. 29; McCaw v. Traction Co., 205 Pa. 271; Reber v. Traction Co., 179 Pa. 339.

OPINION BY MR. CHIEF JUSTICE FELL, May 17, 1911:

The plaintiff's husband was killed by falling from the running board of a trolley car. No witness saw him at the moment that he fell, but there was testimony tending to show that he was thrown from the running board by the motion of the car when it entered a switch at a rapid rate of speed or that he was knocked off by striking a standing car on the main track. This track and the switch track were so near each other that there were but twenty-eight inches between the sides of the cars and but two inches between the running boards. The car started as soon as

the deceased stepped on the running board and the accident happened within a very brief space of time afterwards, estimated by some witnesses as eight or ten seconds. During this time the deceased was endeavoring to get into the car which was crowded with passengers. This testimony would have justified an inference of negligence on the part of the defendant and it disclosed no negligence on the part of the deceased. It was submitted with the distinct instruction, that a passenger who remains on the running board of a car an unnecessary length of time, when there is room inside, is negligent and there can be no recovery for his injury or death.

The court was asked to withdraw a juror because of the use of the following language by the plaintiff's counsel in addressing the jury: "We had to go into the enemy's camp to get the evidence; to get justice from this powerful, wealthy and rich corporation." The reversals in a number of recent cases where there was an attempt at the trial to obtain an unfair advantage, by offers of irrelevant testimony; by getting before the jury the amount claimed in the plaintiff's statement; by the use of intemperate language and by appeals to passions and prejudices should be notice to counsel that no verdict obtained by unfair means will be allowed to stand. Among these cases are Wagner v. Hazle Township, 215 Pa. 219; Saxton v. Railways Co., 219 Pa. 492; Hollis v. Glass Co., 220 Pa. 49, and Carothers v. Railways Co., 229 Pa. 558. But where remarks of counsel are objected to as prejudicial, the circumstances under which they were made should be considered. A witness for the plaintiff was charged with having made false statements to the defendant's employees in order to obtain information from them and to secure an opportunity to make measurements, and the remarks of plaintiff's counsel were in reply to this charge and in justification of the witness and in comparing the difficulty the plaintiff had in ascertaining the facts with the ease with which they could be presented by the defendant. It does not appear that the remark was made for

the purpose of exciting antagonism, and the learned trial judge carefully guarded against any prejudicial effect it might have on the minds of the jurors.

The judgment is affirmed.