## Lopresti *v.* Sulkin, Appellant.

*Practice, C. P.—Trial—Withdrawal of juror—Continuance—Objectionable remarks by counsel.*

1. As a general rule a motion to withdraw a juror and continue the case, upon the ground of objectionable remarks made by counsel in addressing the jury, is addressed to the sound judicial discretion of the trial court, and its refusal of the motion is reviewable only for abuse of discretion.

2. Where counsel makes a statement to the jury which might convey the impression that he had personal knowledge as to the statement which he made, but immediately upon objection states that he did not wish the jury to think that he was testifying as to the correctness of the remark, and the court at once cautions the jury to pay no

attention to the statement of counsel as to matters of fact, but to take the testimony of the witnesses, the court is not guilty of a breach of discretion in refusing to withdraw a juror and continue the cases; nor is such a remark, under the circumstances, of so exceptional a kind as to render it the imperative duty of the court to at once withdraw a juror and continue the case.

Submitted Dec. 6, 1911.  Appeal, No. 47, Oct. T., 1911, by defendant, from judgment of C. P. Northampton Co., July T., 1910, No. 15, on verdict for plaintiff in case of Lorenzo Lopresti and Angela Lopresti v. Louis Sulkin.  Before RICE, P. J., HENDERSON, MORRISON, ORLADY, BEAVER and PORTER, JJ.  Affirmed.

Assumpsit to recover back the purchase money of real estate.  Before STEWART, J.

At the trial the following motion was made:

Mr. Fox: The defendant now moves to withdraw a juror, on the ground that the counsel for the plaintiff has said to the jury that the plaintiff did have $400; that his word (meaning Mr. Geiser's) is as good as the word of counsel for the defendant, and that he says he did have the $400.  These remarks being in the nature of a statement of fact, the testimony having disclosed a situation wherein Mr. Geiser might have known whether or not the plaintiff did have $400 and that, therefore, the statements are improper and a juror should be withdrawn.

The Court: The motion just put upon the record is made at the end of an interruption of counsel for the plaintiff in his address to the jury, by the counsel for the defendant, and is a repetition of the statement which he made with reference to the remarks of the plaintiff; and the plaintiff's counsel having stated to the jury that he did not wish them to think that he was testifying as to the correctness of his remarks, and the court having at once cautioned the jury that they must not pay attention to the statements of counsel as matters of fact, but must take the testimony of the witnesses, the motion

is denied.    To which .the defendant excepts and bill sealed.

Verdict and judgment for plaintiff for $311.96.    Defendant appealed.

*Error assigned* was refusal of motion as above.

*Edward J.* and *James W. Fox,* for appellant, cited: Holden v. Penna. R. R. Co., 169 Pa. 1; Wagner v. Hazel Twp., 215 Pa. 219; Saxton v. Railways Co., 219 Pa. 492; Hollis v. Glass Co., 220 Pa. 49.

*George W. Geiser* and *Frederick E. Geiser,* for appellees, cited: Dougherty v. Rys. Co., 213 Pa. 346; Cook v. Motor Co., 225 Pa. 91; Brenisholtz v. R. R. Co., 229 Pa. 88; Miller v. Rapid Transit Co., 231 Pa. 627; Commonwealth v. Sarves, 17 Pa. Superior Ct. 740; Moore v. Neubert, 21 Pa. Superior Ct. 144; Commonwealth v. Striepeke, 32 Pa. Superior Ct. 82; Shaffer v. Coleman, 35 Pa. Superior Ct. 386; Behrens v. Mountz, 37 Pa. Superior Ct. 326; Commonwealth v. Williams, 41 Pa. Superior Ct. 326.

OPINION BY RICE, P. J., March 1, 1912:

The general rule is that a motion to withdraw a juror and continue the case, upon the ground of objectionable remarks made by counsel in addressing the jury, is addressed to the sound judicial discretion of the trial court, and its refusal of the motion is reviewable only for abuse of discretion: Com. v. Ezell, 212 Pa. 293; Com. v. Striepeke, 32 Pa. Superior Ct. 82.    But there are certain kinds of objectionable remarks which have been held to be so prejudicial in their nature as to be beyond correction by any admonition the court may give the jury to disregard them. In such cases, it is the imperative duty of the court, upon its attention being properly called to the remarks, and being satisfied that they were made, to withdraw a juror and continue the case, even though the court may be of opinion that its admonition was sufficient to prevent them

from prejudicing the jury. Amongst the exceptional cases, where this has been held to be the imperative duty of the court and where the refusal of the motion based on such remarks has been held, on appeal, to be governed by a fixed and unvarying rule, are, where the district attorney or counsel for the commonwealth, in his address to the jury, calls attention to the omission of the defendant to testify: Com. v. Foley, 24 Pa. Superior Ct. 414; where, without evidence to support the statement, he declares to the jury that the defendant was convicted on a former trial of the same charge: Com. v. Martin, 47 Pa. Superior Ct. 346; where, in an action for personal injuries, plaintiff's counsel states to the jury that the defendant is insured by an employers' liability company and that, in event of recovery, the latter will pay the verdict: Hollis v. U. S. Glass Co., 220 Pa. 49. These are but illustrations. Other exceptional instances might be cited from the reports, and it would seem, from what was said by the chief justice in Carothers v. Pittsburg Rys. Co., 229 Pa. 558, that the kind of statement by counsel referred to in that case belongs to this class. But, be that as it may, it does not lay down a fixed, unvarying rule which is applicable to every kind of statement that may be made by counsel in the presence of the jury. The general rule is as stated in Com. v. Ezell; and, in the application of that rule by the appellate court, each case must be judged by itself, the question being, whether, in view of all the pertinent considerations, there was an abuse of discretion in the refusal to withdraw a juror and continue the case. Thus, in Cook v. Erie Electric Motor Co., 225 Pa. 91, where counsel for plaintiff, in commenting on the evidence and the damages that should be awarded, said, "This great millionaire company don't deny that," the Supreme Court said: "It has been frequently held that in this class of cases no irregularities should be permitted which tend to inflame the prejudices of the jury against the defendant, and in a flagrant case this court will reverse for such error. But so much depends on the immediate circumstances and what may be called the

atmosphere of the trial that a large discretion must be allowed to the trial judge. In the present case the action of the judge in cautioning the jury was so prompt and the withdrawal of the improper remark by counsel was so frank and unreserved that we cannot say that the judge did not use a wise discretion in refusing to withdraw a juror." The principle was again recognized in the later case of Miller v. Phila. Rapid Tr. Co., 231 Pa. 627, where the objectionable remarks were: "We had to go into the enemy's camp to get the evidence; to get justice from this powerful, wealthy and rich corporation." The refusal to withdraw a juror because of these remarks was held not to constitute reversible error in that particular case, and the court said: "But where remarks of counsel are objected to as prejudicial, the circumstances under which they were made should be considered." The court then went on to point out the circumstances which led up to the conclusion that the remark was not made for the purpose of exciting antagonism, but was made in reply to a charge that a witness for the plaintiff had made false statements to the defendant's employees in order to obtain information from them and to secure an opportunity to make measurements, and in comparing the difficulty the plaintiff had in ascertaining the facts with the ease with which they could be presented by the defendant. We have cited enough cases to show that no fixed and unvarying rule requires us to hold that the refusal to withdraw a juror, in the present case, was reversible error. In other words, it does not belong to the exceptional class of cases to which we have alluded, but is governed by the general rule. The question then arises, whether there was an abuse of discretion, that is, whether, in view of all the pertinent considerations, there was still probability or possibility of the remark of counsel having a prejudicial effect. The remark objected to related to a question of fact in the case, namely, as to whether the plaintiff had, at a particular time, $400; and the remark, as set forth in the assignment, is, "that his word (meaning counsel for plaintiffs) is as good as the

word of counsel for the defendant, and that he (plaintiffs' counsel) says he did have the $400." Unexplained, the remark might convey the impression to the jury that the counsel had personal knowledge and it was that from which he was speaking. What had been said in the argument of defendant's counsel to call out this remark does not appear in the assignment, and, of course, we cannot act on the assertion as to that matter contained in the appellees' paper-book. But the nature of the remark itself furnishes some evidence that it was made in reply to some statement that had been made by counsel for the defendant. Be that as it may, immediately upon objection being made counsel stated to the jury that he did not wish them to think that he was testifying as to the correctness of the remark. This was in the nature of an explanation tending to disabuse the minds of the jurors of any impression they may have had that he was speaking of his own knowledge. Moreover, the court "at once cautioned the jury that they must not pay attention to the statement of counsel as to matters of fact, but must take the testimony of the witnesses." It was said, in Miller v. Phila. Rapid Tr. Co., 231 Pa. 627, the circumstances under which they were made should be considered; and, in Cook v. Erie Electric Motor Co., 225 Pa. 91, that much depends on the immediate circumstances and what may be called the atmosphere of the trial. The same may be said, with peculiar appropriateness, in the present case. The trial judge had opportunity, which we have not, to know those circumstances and the course of argument pursued by defendant's counsel, which may have induced the statement of which complaint is made. In view of this consideration, of the explanation immediately made by counsel of what he intended the jury to understand from his remark, and of the caution given by the learned judge, we cannot say that he was guilty of abuse of discretion in refusing the motion.

The assignment of error is overruled and the judgment is affirmed.