# Ryman *v.* West End Coal Company, Appellant.

*Negligence—Mines and mining—Injury to island—Deposit of culm— Witnesses—Competency—Evidence.*

1. In an action against a coal mining company to recover damages for injuries to an island caused by the dumping of coal thereon, witnesses for the plaintiff are competent to testify as to the value of the island for agricultural purposes before and after the injury, where it appears that such witnesses had for many years been familiar with the property in question, its area, the extent and condition of its improvement, the fertility of the land, as indicated by the crops actually grown upon it, and of the sales of land in the vicinity although such sales were few.

2. In such a case where the jury finds specially that the island was damaged to the amount of $1,500, and that the defendant's proportion of this damage was $500, a judgment on such verdict will not be reversed because the trial judge said to the jury "you have the right to consider whether you will award damages for detaining the amount not to exceed six per cent as if it were interest, but it is not interest it is damages for detention."

*Practice, C. P.—Trial—Improper remarks of counsel.*

3. In the course of the trial of a negligence case but not in the address to the jury counsel for the plaintiff said: "Your Honor, I have some human instincts in me, and when a coal company tries or is charged with taking away all that this poor woman has, I cannot refrain—" At this point counsel for defendant objected, and asked that a juror be withdrawn. The trial judge warned the jury not to be influenced by the remark, and refused to withdraw a juror. *Held*, not to be grounds for reversing a judgment in favor of the plaintiff.

Submitted March 2, 1914. Appeal, No. 11, March T., 1914, by defendant, from judgment of C. P. Luzerne

Co., Oct. T., 1910, No. 221, on verdict for plaintiff in case of Abbie Ryman v. West End Coal Company. Before RICE, P. J., ORLADY, HEAD, PORTER, HENDERSON, KEPHART and TREXLER, JJ.   Affirmed.

Trespass to recover damages for injuries to an island. Before STRAUSS, J.

At the trial a number of witnesses offered by the plaintiff to prove the value of the land injured were objected to as incompetent.   The facts relating to this testimony are set forth in the opinion of the Superior Court. [1–7]

Defendant's counsel: Counsel for the plaintiff having said in the presence and hearing of the jury the following statement—made the following statement: "Your Honor, I have some human instincts in me and when a coal company tries or is charged with taking away all that this poor woman has I cannot refrain," counsel for defendant at this point interrupts counsel for plaintiff, objects to the statement as being improper in the presence and hearing of the jury and ask that the remarks be taken down and a juror be withdrawn.

The Court: I overrule the motion.   While recognizing the serious character of remarks like these if presented to the jury in argument, this remark was uttered on the impulse and the court is of the opinion that this jury will not be influenced by it, expressly not after due warning by the court.   The case is one in which the jury has visited the premises, a considerable time has been taken up in the matter, the public is entitled to some consideration and as the court is of the opinion that no harm will result, the motion is overruled; and if there should be any repetition of anything of this character the court will certainly have to take some action.

Defendant's counsel: Please note an exception and seal a bill.   Exception noted, bill sealed for defendant. [8]

The court charged in part as follows:

If the evidence satisfies you that the damage was all attributable to defendant's culm, then you will ascertain what the damage. was and return a verdict to that effect. If the evidence satisfies you that the damage was not all attributable to defendant's culm, then you will ascertain what the damage was under the instructions I have given you and report the proportion of that damage you find against the defendant and find it in dollars and cents, and in doing that or in finding any damages against the defendant you have the right to consider whether you will award damages for detaining the amount not to exceed six per cent as if it were interest but it is not interest, it is damages for detention.] [9]

Plaintiff presented this point:

4. The measure of damages under all the evidence in the case is the difference in value of the island for agricultural purposes in July, 1904, after the flood and after the flood of 1910, with a reasonable compensation for delay in paying the damages. I suppose the attorney means not exceeding, however, six per cent for the damages, "found by the jury for culm deposited by the defendant on plaintiff's island." *Answer:* That is affirmed as to the measure of damages. [10]

The verdict of the jury was as follows:

"We, the jurors in the case of Abbie Ryman v. The West End Coal Company, find the island damaged to the amount of $1,500, and the West End Coal Company's proportion of this damage to be $500."

Judgment was entered on the verdict for $500. Defendant appealed.

*Errors assigned* were (1–7) rulings on evidence, quoting the bill of exceptions; (8–10) above instructions, quoting them.

*Benj. R. Jones* and *Thos. H. Atherton,* for appellant.— The witnesses were not competent: Friday v. Penna.

R. R. Co., 204 Pa. 405; Hope v. Phila. & Western R. R. Co., 211 Pa. 401; Rea v. Pittsburg & Connellsville R. R. Co., 229 Pa. 106.

The learned court erred in refusing to withdraw a juror: Wagner v. Hazle Township, 215 Pa. 219; Saxon v. Pittsburg Railways Co., 219 Pa. 492; Hollis v. U. S. Glass Co., 220 Pa. 49; .Carother v. Pittsburg Railways Co., 229 Pa. 558.

The court erred in charging the jury on the measure of damages for compensation for delay in payment thereof: Pierce v. Lehigh Valley R. R. Co., 232 Pa. 165; Mengell v. Monhsville Water Co., 224 Pa. 120.

*Wm. S. McLean* and *William S. McLean, Jr.,* for appellee.—Plaintiff's witnesses possessed all the qualifications required by our appellate courts: Smith v. Penna. R. R. Co., 205 Pa. 645.

The remarks of plaintiff's counsel complained of did not injure defendant: Brown v. Scranton, 231 Pa. 593; Miller v. Phila. Rapid Transit Co., 231 Pa. 627.

The court's charge to the jury in reference to the allowance of damages for detention or delay was in strict accordance with the decisions of the appellate court. Furthermore, it does not appear that compensation was considered in the verdict: Duffy v. York Haven Water & Power Co., 242 Pa. 146.

Opinion by PORTER, J., July 15, 1914:

This action of trespass was brought to recover damages for injury to an island, owned by the plaintiff, alleged to have resulted from the wrongful act of the defendant company in depositing large quantities of culm and coal dirt in the Susquehanna river, which culm and dirt was by the current of the river deposited upon the said island and rendered the land useless for agricultural purposes. The plaintiff recovered a judgment in the court below and the defendant appeals.

The first seven specifications of error refer to the admission of the testimony of the witnesses produced by plaintiff for the purpose of establishing the value of the land before the injury occurred, and the effect upon that value of the deposit upon it of the culm and coal dust. The contention of the appellant is that these witnesses did not have such knowledge as would enable them to estimate the market value of this island for agricultural purposes before and after the injury. After careful consideration of the testimony to which these specifications of error refer we are convinced that the contention of the appellant is not well founded. Each one of the witnesses had for many years been familiar with the property in question, its area and the uses to which it might reasonably be applied, the extent and condition of its improvement, and the fertility of the land, as indicated by the crops actually grown upon it. Each of these witnesses was the owner of or interested in land in the neighborhood, and testified that he knew the market value of such land. It is true they knew of very few sales, but it clearly appeared that there had been very few sales, and such sales as had occurred these witnesses knew of and considered in testifying as to the market value of the land. The market value of land is not a question of science and skill upon which only an expert can give an opinion, yet the trial judge should see to it that every witness called to prove value has a proper foundation of knowledge to make his opinion of some real worth before admitting it as evidence. This property happened to be an island over which no public road ran. All of the witnesses had been upon the island at some time although some of them had not visited it very frequently. Each of the witnesses very frequently used a public road along the bank of the river, near the island and from which it was entirely visible. The testimony clearly established that this island was valuable only for agricultural purposes, that it was very productive, and easily accessible. The value

of property of this character is not to be determined
by quotations on the exchange. The only way in which
such value can be proved is by the testimony of parties
familiar with the land, the means of access thereto, the
prices at which lands in the neighborhood, upon the
main shore, are held and sold. If the value of land
which happens to be an island cannot be established
by the testimony of witnesses having knowledge of all
these facts, then there was no way in which this plain-
tiff could establish the value of this island, for the owner-
ship had been in her own family for many years. The
witnesses had the requisite knowledge and experience
to warrant the court below in permitting them to testify
as to the value of the land: Smith v. Pennsylvania
Railroad Co., 205 Pa. 645; Rea v. The Pittsburg
Railroad Co., 229 Pa. 106. The first seven specifications
of error are dismissed.

We would not be warranted in holding that the re-
mark of counsel for appellee of which complaint is made
in the third specification, and the refusal of the court
to withdraw a juror because thereof, was, in the circum-
stances, reversible error. The remark was not made in
an address to the jury, and seems to have been an
incident of one of those unseemly exchanges of com-
pliments between counsel which sometimes occur in the
examination of a witness. The language brought upon
the record is a part only of a sentence, and the alertness
of counsel for the defendant was successful in preventing
counsel for plaintiff from stating what it was that he
could not refrain from doing. We are left entirely in
the dark as to which one of the primary human in-
stincts was at that moment dominating the learned
counsel for the appellee. The force of the remark hav-
ing been thus broken, the offender promptly rebuked
by the court, and the jury immediately instructed that
they were not to be influenced by the remark, we are
not satisfied that the interests of justice require us to
sustain this specification of error: Brown v. City of

Scranton, 231 Pa. 593; Miller v. Philadelphia Rapid Transit Co., 231 Pa. 627.

The ninth and tenth specifications of error refer to the manner in which the court instructed the jury as to the propriety of allowing to the plaintiff compensation for delay in payment of any damages which her land might have sustained. The language of the court in its general charge, and the point submitted by plaintiff which was affirmed were certainly objectionable. If it did not clearly appear from the manner in which the jury returned their verdict, that the instruction did no harm, these specifications of error ought to be sustained. The jury returned the following special verdict: "We, the jurors in the case . . . . find the island damaged to the amount of $1,500, and the West End Coal Company's proportion of this damage to be $500." This, it is to be noted was not a general finding of damages in favor of the plaintiff. The verdict is a finding of the specific fact that the island was damaged to a specific amount, and that the defendant company was responsible for one-third of that specific damage. We are, therefore, of opinion that the error worked no injury to the defendant company's cause.

The judgment is affirmed.