## Winslow v. Snyder.

*J. J. Haberstroh*, for plaintiff.

*J. F. Sullivan* and *G. G. Patterson*, for defendant.

PATTERSON, P. J., Jan. 3, 1930.—This is a motion for a new trial filed by defendant. Robert B. Winslow, plaintiff, a sub-contractor, brought suit against John C. Snyder, general contractor, defendant, to recover an amount claimed to be due for work done on several school buildings in the City of Altoona. The case was tried before a jury at the May Term, 1929, and verdict rendered in favor of the plaintiff for $7750. The trial extended over three days and many witnesses were called. The motion contains eight

reasons for the granting of a new trial. The first and fourth reasons are stressed by counsel as the more important.

It is argued that certain remarks of the counsel for the plaintiff in his closing address to the jury were improper and prejudicial to defendant and that as a result of this prejudice the jurors brought in an excessive verdict; that there was much disputed testimony and that the plaintiff admitted certain erroneous charges and credits amounting to a considerable sum, but, notwithstanding such testimony, the amount of the verdict was almost the full amount of plaintiff's claim; that the amount of the verdict supports the argument of counsel to the effect that the testimony of the defendant and his witnesses was to a great extent, if not altogether, disregarded by the jury as a result of the prejudice in their minds due to the fact that counsel referred to the defendant as a "million-dollar contractor." The record of the first exception is found on page 115 of the testimony, and is as follows: "Counsel for defendant takes exception to the remark of counsel for plaintiff wherein he refers to the defendant contractor as the millionaire contractor and asks that a juror be withdrawn and the case continued." "By the court: As far as we know, these men may both be very poor or very rich, and there is no use branding one man as a poor man and another as a rich one. We will instruct the jury not to take into consideration any such remarks in considering this case. We will deny the motion, note an exception and seal a bill for the defendant."

This exception was taken during the argument of plaintiff's counsel to the jury. At the oral argument on this motion it was contended on the part of counsel for plaintiff that what he said was not "millionaire contractor," but that he referred to the defendant as a "million-dollar contractor." The court stenographer, in referring to the original notes, finds that the term used was "million-dollar contractor" and not "millionaire contractor," and that the transcribed record is in error in that respect. At the time the exception was made, counsel for plaintiff neither denied nor verified the charge. Neither did he withdraw the same from the consideration of the jury. It is contended on the part of the defendant, however, that it makes little difference in the consideration of this case whether the term "millionaire contractor" or "million-dollar contractor" was used; that the prejudice resulting therefrom would be the same. This court cautioned the jurors at the time to disregard such statement, and in the charge we again admonished them to try the case without any prejudice and to scrutinize the testimony "without any regard for the persons involved, whether they may be rich or poor, determine this case on the testimony and bring in such verdict as you think right and proper."

Counsel for the plaintiff argues that the remark made is not properly stated of record; that counsel for the defendant failed to have the stenographer note the statement of counsel for the plaintiff at the time. We are of opinion, however, that the matter is properly of record. Defendant's counsel interrupted plaintiff's counsel at the time the remark was made and moved the court to withdraw a juror and continue the case for the reason that "he refers to the defendant contractor as the millionaire contractor." And although "millionaire contractor" was placed upon the record instead of "million-dollar contractor," as counsel and the record now disclose was the correct term, no denial, explanation or withdrawal of said remark was made at that time.

One of the leading cases is found in Lopresti v. Sulkin, 49 Pa. Superior Ct. 417, where the matter complained of is set forth in a motion from the record very similar in all respects to the motion in the present case. In that opinion Judge Rice says: "The general rule is that a motion to withdraw a juror and

continue the case upon the ground of objectionable remarks made by counsel in addressing the jury is addressed to the sound judicial discretion of the court, and its refusal of the motion is reversible only for abuse of discretion: Com. v. Ezell, 212 Pa. 293; Com. v. Striepeke, 32 Pa. Superior Ct. 82. But there are certain kinds of objectionable remarks which have been held to be so prejudicial in their nature as to be beyond correction by any admonition the court may give the jury to disregard them. In such cases, it is the imperative duty of the court, upon its attention being properly called to the remarks and being satisfied that they were made, to withdraw a juror and continue the case, even though the court may be of opinion that its admonition was sufficient to prevent them from prejudicing the jury." And in the same opinion Judge Rice cited the case of Cook v. Erie Electric Motor Co., 225 Pa. 91, where counsel for plaintiff, in commenting on the evidence and the damages that should be awarded, said: "This great millionaire company don't deny that." And the Supreme Court said in that case: "It has been frequently held that in this class of cases no irregularities should be permitted which tend to inflame the prejudices of the jury against the defendant, and in a flagrant case this court will reverse for such error. But so much depends on the immediate circumstances and what may be called the atmosphere of the trial that a large discretion must be allowed to the trial judge. In the present case, the action of the judge in cautioning the jury was so prompt and the withdrawal of the improper remark by counsel was so frank and unreserved that we cannot say that the judge did not use a wise discretion in refusing to withdraw a juror." In the case now under consideration, the record does not disclose, and we have no recollection of, any explanation or withdrawal of the remark from the consideration of the jury. We are satisfied that a reference to the defendant as a "million-dollar contractor" may have prejudiced the minds of the jurors. And as was so well said in Wenner v. Pardee Bros. & Co., 21 Luzerne Legal Reg. 365; "The fact remains that the remark appealed to that most pernicious prejudice of the human mind which foments class hatreds and often threatens to destroy civilization itself, viz., the prejudice of poor against rich." Counsel may not have intended to prejudice the jurors against the defendant, but whether intended or not, the jury had the statement of counsel that the defendant was a "million-dollar" contractor, and it is impossible ever to know to what extent such a remark influenced their verdict. The case was that of a sub-contractor who, as a general rule, files no bond, against a general contractor who must have such financial rating as will permit him to file the bond required for the work to be done. We are of opinion, after careful consideration of the law and the arguments of counsel and that justice might be done, that a new trial should be granted. This conclusion is sustained by the cases already cited as well as Kelly v. Scranton Ry. Co., 270 Pa. 77; Dannals v. Sylvania Township, 225 Pa. 156, 164, 165; Saxton v. Pittsburgh Rys. Co., 219 Pa. 492; Walsh v. Wilkes-Barre, 215 Pa. 226; Carothers v. Pittsburgh Rys. Co., 229 Pa. 558.

Referring to a defendant as a million-dollar contractor is not any more prejudicial than for counsel to state the amount in damages an action in trespass had been brought to recover. It has been repeatedly held by the Supreme Court that such a statement is so prejudicial that a juror should be withdrawn and the case continued.

In Carothers v. Pittsburgh Rys. Co., supra, the Supreme Court held: "In this case it is just to counsel, who was from another state, to say that the remark complained of was made in good faith and without knowledge of our decisions on the subject, and to the learned trial judge that he did all in his

power, by proper instructions, to correct the error complained of. It is better, however, that the rule should be fixed and that cases of this kind should be put in line with Holden *v.* Pennsylvania R. R. Co., 169 Pa. 1 . . . and kindred cases in which this court has taken a stand against every attempt to obtain an unfair advantage in the trial of a cause." The motion is, therefore, sustained and new trial granted.

Exception noted for the plaintiff.

From Robert W. Smith, Hollidaysburg, Pa.