# Reilly, Appellant, *v.* McCray.

*Principal and surety—Bonds—Scope of bond—Building contract.*

Where a building contract provides that the owner shall convey to the contractor a certain building as part payment for the building to be erected, and that the contractor shall give a bond to indemnify the owner against any loss by reason of the conveyance by her of her own building to the contractor before the erection and conveyance to her of the new building, and another portion of the contract gives to the contractor a certain right of way and occupancy of one stall in a stable, and both the recital and condition of the bond specifically sets forth the paragraph of the contract

which provides for the bond, but makes no mention of the stipulation relating to the right of way and the stall, the surety on the bond cannot be held liable for a breach of that portion of the agreement relating to the right of way and the stall, although the bond states in a general way that the obligor shall "comₗˡy with the terms of said contract."

Argued Nov. 16, 1915.  Appeal, No. 212, Oct. T., 1915, by plaintiff, from order of C. P. Del. Co., June T., 1913, No. 391, refusing to take off nonsuit in case of Sarah Ann Reilly v. Heston D. McCray who with Martin B. Bunyea was late trading as Bunyea and McCray and the Delaware County Trust Safe Deposit and Title Insurance Company.  Before RICE, P. J., HEAD, PORTER, HENDERSON, KEPHART and TREXLER, JJ.  Affirmed.

Assumpsit on a bond.  Before JOHNSON, P. J.

From the record it appeared that the plaintiff entered into a contract with the defendants, a firm of builders, by which the latter were to build for her a brick store and dwelling in part payment of which she was to convey to them a dwelling house on Edgemont avenue prior to the conveyance to her of the new building.

The other material portions of the agreement were as follows:

4. The said parties of the first part agree to give unto the said party of the second part to protect her against any loss that she may sustain by reason of her granting and conveying the said above described house and lot on Edgemont avenue to the said parties of the first part, and delivering to them a deed therefor, previous to her acquiring title to the brick store and dwelling they are to erect and build and convey to her, a bond in the sum of one thousand dollars with the Delaware County Trust, Safe Deposit and Title Insurance Company as surety; said bond to be delivered upon delivery of the deed to them for the Edgemont avenue premises.

5. The said parties of the first part further agree to grant and allow the said party of the second part the

right to use a strip of land eight feet in width beginning at Providence avenue and extending eastwardly along and following the northern lines of the lot described in paragraph one of this agreement, and eight feet wide at every point, as a right of way at all times; and do also agree that the said party of the second part shall have at all times after the completion of said store and dwelling and payment therefor, the right to use and occupy one stall or to have stabling for one horse, in the stable of the said parties of the first part at the end of said right of way, and room therein for one wagon, free of rent and charge.

The recital and condition of the bonds was as follows:

Whereas, the said Bunyea and McCray have contracted in writing with the said Sarah Ann Reilly by agreement bearing date April 15, 1897, to build for the said Sarah Ann Reilly a certain brick store and dwelling on the corner of Providence avenue and Upland street in the said city according to the plans and specifications therefor prepared by Bunyea and McCray, architects, and dated April 15, 1897, and have agreed to give security in the sum of one thousand dollars.

Now the condition of this obligation is, That if the above bounden Bunyea and McCray shall in all things well and faithfully comply with the terms of said contract, and shall erect and complete said building, according to the said plans and specifications, and deliver the, same to the owner, free and clear of all mechanics' lien claims, upon being paid the contract price therefor, then this obligation shall be void, etc.

Suit was brought for a breach of the stipulation in the agreement relating to the right of way and the stall in the stable.

The court entered a compulsory nonsuit which it subsequently refused to take off.

*Error assigned* was refusal to take off nonsuit.

*Lewis Lawrence Smith,* for appellant.—As between a recital and the operative portion of an agreement the latter, if clear, must prevail: Ex parte Doe, 17 Q. B. Div. 275; Young v. Smith, L. R. 1 Eq. 180; Bailey v. Lloyd, 5 Russell 349; Walker v. Tucker, 70 Ill. 527; Peters v. Mc'Laren, 218 F. 410; Clark v. Post, 113 N. Y. 17.

Assuming that the construction of the contract is found, it cannot be one thing for a surety and another thing for the principals. The same rules of construction apply to both parties: Roth v. Miller, 15 S. & R. 99; Ulster Bank v. Young, 161 N. Y. 23.

*William I. Schaffer,* with him *John J. Stetser,* for appellee.—It may be generally stated that a bond may incorporate, by reference expressly made thereto, other contracts, although if only specific parts of another contract be referred to, only so much of said writing is incorporated as it is evident the parties intended to embody or rely upon: Dunbar v. Fleisher, 137 Pa. 85; Bickford v. Cooper, 41 Pa. 142.

OPINION BY HENDERSON, J., March 1, 1916:

The plaintiff's action was brought to enforce the terms of a bond given by the defendants to her to secure the performance of a contract between her and the principals in the bond. She contends that the bond was security for the performance by the principals of all of the covenants and undertakings to which they were committed by the written contract to which the bond is related. The position thus taken requires a resort to the contract for an interpretation of the bond. It is conceded in the appellant's argument that the bond by its express terms does not bind either surety or principals to provide stable room for one horse and one wagon free of rent and charge in the barn of the principals in the bond; and this appears from the recital which is in the words following: "Whereas, the said Bunyea & Mc-

Cray have contracted in writing with the said Sarah. Ann Reilly by agreement bearing date April 15, 1897, to build for the said Sarah Ann Reilly a certain brick store and dwelling on the corner of Providence avenue and Upland street in the said city according to the plans and specifications therefor prepared by Bunyea and McCray, architects, and dated April 15, 1897, and have agreed to give security in the sum of one thousand dollars"; and the condition of the bond which is the words following: "That if the above bounden Bunyea and McCray shall in all things well and faithfully comply with the terms of said contract, and shall erect and complete said building according to the plans and specifications, and deliver the same to the owner, free and clear of all mechanic's lien claims upon being paid the contract price therefor, then this obligation shall be void, etc." The recital above quoted describes a contract to build a brick store and dwelling house according to the plans and specifications adopted and the condition defines the obligation as compliance with the terms of "said contract." It cannot be discovered in the bond, therefore, that the defendants are bound to do what the plaintiff demands they shall perform. The plaintiff contends that the contract thus referred to is the whole obligation into which the principals in the bond entered in their agreement with her. If we concede the applicability of Dunbar v. Fleisher, 137 Pa. 85, to this case the bond should be construed in the light which the principal contract throws on its purpose and intended scope. Referring to the contract then we find it contains several separate obligations. By the first paragraph Bunyea and McCray agree to convey to the plaintiff a lot therein particularly described. By the second paragraph they agree to erect on that lot a three-story store and dwelling as described in the plans and specifications attached to the contract, the said building to be free from mechanics' liens. By the third paragraph the plaintiff became bound to pay for the said lot and building erected thereon $3,850.00;

as part payment of which she agreed to convey before
May 1, 1897, a certain lot therein described for which she
was to receive a credit of $1,200.00 on the contract.  The
fourth paragraph which is important in the determi-
nation of the case contains the following provision:
"The said parties of the first part agree to give unto· the
said party of the second part to protect her against any
loss she may sustain by reason of her granting and con-
veying the said above described house and lot on Edg-
mont avenue to the said parties of the first part and de-
livering to them a deed therefor, previous to her acquir-
ing title to the brick store and dwelling they are to erect
and build and convey to her, a bond in the sum of one
thousand dollars with the Delaware County Trust, Safe
Deposit and Title Insurance Company as surety; said
bond to be delivered upon delivery of the deed to them
for the Edgmont avenue premises."  There is no refer-
ence in the contract to any other bond to be given and it
is undisputed that the bond on which the plaintiff's suit
is brought is the bond contracted for in the paragraph
above quoted.  It will be seen that the object of the bond
as there described is clear.  The plaintiff was to convey
to Bunyea and McCray a house and lot which she owned,
as part payment for the property which they had con-
tracted to sell to her.  The plaintiff's conveyance was to
be made prior to that from Bunyea and McCray to her.
It was a reasonable precaution on her part therefore, to
take security that she would not lose her house and lot
by a conveyance for which she received nothing at the
time.  The bond was to be security to her against the
risk which she assumed in conveying her property to
Bunyea and McCray before they conveyed their property
to her.  Nothing in the agreement supports the claim
that the use of a way and the privilege of stabling pro-
vided for in the fifth paragraph were covenants to be
covered by the provisions of the bond stipulated for in
the fourth paragraph.  Reading the defendants' obli-
gation as explained by the contract the meaning of the

recital and condition is obvious.   The bond was a compliance with the fourth paragraph of the article of agreement.   It was given to secure the performance of the contract of Bunyea and McCray to convey their lot with the house erected thereon as stipulated for in the agreement.   The construction given to the obligation by the learned trial judge was correct and the nonsuit was properly granted.

The judgment is affirmed.