# The Phœnix Mill Company v. Kresge, et al., Appellants.

*Contracts—Suretyship—Bonds — Construction — Unambiguous* · ·
*language—Variation by parol—Recital—Effect.*

1. A bond, like any other contract, must be so construed as to
carry out the intention of the parties accepting and giving it.
In the absence of fraud, accident or mistake, if the intention
clearly appears from its terms, its interpretation cannot be con-
trolled by testimony dehors the instrument itself.  The sureties
have a right in such case to have the contract construed by the
court, and the settled law of suretyship protects them against any
change or extension of their agreement.  They have the right to
insist upon a strict adherence to the contract imposing liability,
and any alteration by the principal parties to the contract, with-
out the assent of the sureties, whether they sustain any injury by
the change or even if it be for their benefit, releases them from the
bargain.

2. In an action on a surety bond, the language of which is un-
ambiguous, parol evidence is not admissible to alter, vary, change
or reform the instrument, in the absence of any allegation in the
statement of claim, of any fraud, accident or mistake in the
execution of the bond, or that it should be so reformed as to im-
pose additional liability upon the obligor.

3. In controversies arising on the construction of bonds, with
conditions for the performance of duties preceded by recitals,
where the undertaking is general, it will be restrained and its
obligatory force limited within the recitals.

4. In an action on a bond, it appeared that the obligation was
given to secure the indebtedness which a salesman might incur
to the obligee in the course of his employment as salesman;  the
bond recited that the salesman was appointed as the company's
local agent for the sale of its goods in the State of New York,
and the condition required the salesman "to account for and pay
to said company the amount of all moneys due to it, resulting
from the sale of all goods within forty-five days after the date of
the bill of lading accompanying the shipment of said goods";  the .
plaintiff sought to recover an indebtedness incurred by the sales-
man in the course of business transacted in Pennsylvania.  The
lower court disregarded evidence tending to show that at the time
of the execution of the instrument it was agreed between the
parties that the obligation should secure any indebtedness owing

by the salesman to the plaintiff, and decided that under the terms of the instrument the sureties were liable for any indebtedness to the plaintiff which the salesman might incur. The sureties appealed from a judgment entered on a verdict for the plaintiff. *Held,* that the court properly disregarded the parol evidence, but the bond secured only such indebtedness as the salesman might incur in the course of business transacted in New York and judgment was entered for defendants n. o. v.

Argued April 19, 1916.   Appeal, No. 31, Jan. T., 1916, by last two defendants, from judgment of C. P. Clearfield Co., Sept. T., 1914, No. 313, on verdict for plaintiff, in case of The Phœnix Mill Company, a corporation, v. Amos Kresge, Austin Blakeslee and George B. McClelland.   Before BROWN, C. J., MESTREZAT, POTTER, FRAZER and WALLING, JJ.   Reversed.

Assumpsit on a surety bond.   Before BELL, P. J.

From the record it appears that the bond in suit is as follows:

"Know all men by these presents: That I, Amos Kresge, as principal, of DuBois, Pennsylvania, and Austin Blakeslee and George McClelland, as sureties, are held and firmly bound unto The Phœnix Mill Company (a corporation incorporated under the laws of the State of Minnesota) of Minneapolis, Minn., engaged in a general flour and milling business, in the sum of two thousand dollars ($2,000.00), to be paid to the said Phœnix Mill Company, its representatives or assigns.

"For which payment well and truly to be made we bind ourselves and our heirs, executors, administrators, and assigns jointly and severally, firmly by these presents.

"Sealed this 29th day of July in the year of our Lord one thousand nine hundred and five.

"The condition of this obligation is such, That, Whereas, W. D. Hammond, of Binghamton, New York, General Agent for the said Phœnix Mill Company has appointed the said Amos Kresge local agent for said Phœnix Mill Company for the sale of its goods within certain territory alloted to him, in the State of New York.

38· PHŒNIX MILL CO. *v.* KRESGE, et al., Appellants.

"And whereas, it is hereby agreed by the said Amos Kresge, local agent ·for the said Phœnix Mill Company, that said Amos Kresge shall remit to said Company the amount of all moneys due to it resulting from the sale of all goods, either sold by him to any purchaser, or purchased by him on his own account, or sold upon any orders approved by him, less the amount of his commission as agreed upon for making sales, within forty-five days after the date of bill of lading accompanying the shipment of said goods.

"Now, therefore, if the said Amos Kresge, shall well and faithfully perform upon his part all conditions of this bond, and shall well and faithfully account for and pay to said company, the amount of all moneys due it, resulting from the sale of all goods, either sold by him to any purchaser, or purchased by him on his own account, or sold upon any orders approved by him, less the amount of his commission as agreed upon for making sales, within forty-five days after the date of the bill of lading accompanying shipments of said goods, then this obligation to be void and of no effect, otherwise to remain in full force and effect.

"In testimony whereof, we' have hereunto set our hands and seals this 29th day of July, 1905.

"Signed, sealed and delivered in the presence of

"Louis E. Boyer.

(Signed)

"AMOS KRESGE, (SEAL) ;
"AUSTIN BLAKESLEE, (SEAL) ;
"GEO. B. MCCLELLAND, (SEAL)."

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $2,168 and judgment thereon. Defendants, Austin Blakeslee and George B. McClelland, appealed.

*Errors assigned,* among others, were (1 and 4) in refusing to direct a verdict for the plaintiff, and (5) in refusing plaintiff's motions for a new trial and for judgment n. o. v.

*A. L. Cole,* with him *H. B. Hartswick,* for appellant, cited: Bensinger v. Wren, et al., 100 Pa. 500; Henderson's Admr. v. Ardery's Admrs., 36 Pa. 449.

*W. C. Miller,* with him *H. A. Moore,* for appellee.

OPINION BY MR. JUSTICE MESTREZAT, May 15, 1916:

This is an action of assumpsit on a bond, a copy of which appears in the reporter's notes. The Phœnix Mill Company, the plaintiff, is a Minnesota corporation engaged in the general flour and milling business. In July, 1905, the company's general agent in the State of New York appointed Kresge, one of the defendants, its local agent for the sale of its goods within certain territory allotted to him in that state. On the twenty-ninth day of that month, Kresge, with the other defendants, the appellants, executed and delivered to the plaintiff the bond in suit conditioned that Kresge should well and faithfully account for and pay to the company the amount of all money due it resulting from the sale of all goods by him to any purchaser, or purchased by him on his own account, or sold upon any orders approved by him, less the amount of his commission, within forty-five days after the date of the bill of lading accompanying the shipment of the goods. Kresge acted as the agent for the plaintiff for the sale of its goods from 1905 until the latter part of 1910 when it appears he was indebted to the company in the sum of over $4,000 for which, on May 1, 1913, the plaintiff took his judgment note. He made no sales in the State of New York, and his operations were confined to the State of Pennsylvania. This suit was brought on the bond in July, 1914, to recover the balance due the plaintiff from Kresge on the sales made by him in this State. On the trial of the cause the court directed a verdict for the plaintiff, and, judgment having been entered thereon, the sureties took this appeal.

The statement filed by the plaintiff sets forth a copy of the bond in suit, and avers that Kresge was appointed

local agent of the company for the sale of its goods within certain territory allotted to him in the State of Pennsylvania and that the bond was given by Kresge, as principal, and the appellants, as sureties, for and on account of the Pennsylvania agency and to secure Kresge's indebtedness to the company for such amount as might be due it from him as such agent. The defendants deny their liability on the bond on the ground, inter alia, that it was given to secure moneys due the plaintiff arising from sales made under Kresge's appointment in territory in the State of New York and not for transactions by Kresge as agent for sales made in the State of Pennsylvania. This contention is founded on the recital in the bond that Kresge was appointed the company's local agent for the sale of its goods in the State of New York. The plaintiff contends that the recital does not operate in restraint of the condition of the bond which requires the obligors to account for and pay the company all money due it arising from the sale of all goods by him to any purchaser, or purchased by him on his own account, or sold upon any orders approved by him. The court held that the statement in the bond that Kresge had been appointed local agent for territory in the State of New York was a mere matter of inducement, and did not limit the liability of the obligors to sales made in such territory, but required them, in the terms of the condition, to "account for and pay to said company the amount of all moneys due to it (the plaintiff) resulting from the sale of all goods......within forty-five days after the date of the bill of lading accompanying the shipment of said goods."

There is no ambiguity in the language of the bond, and there is no averment in the statement filed by the plaintiff of any fraud, accident or mistake in its execution. It is equally clear that the parol testimony was not sufficient to alter, vary, change or reform the contract as shown by the bond. If sufficient for that purpose, the question, as suggested by counsel of both parties,

was for the jury and not for the court. The court, however, on the trial of the cause, ruled the question as a matter of law and directed a verdict for the plaintiff. In considering the motions for a new trial and for judgment non obstante veredicto, the learned judge disregarded the evidence and decided the case on his interpretation of the provisions of the bond. This appears from the opinion overruling the motions in which the court says that the recitals of the appointment of Kresge, as local agent for New York, is a mere matter of inducement, and that the obligatory part of the bond is the condition that Kresge shall account for all moneys due the plaintiff for all sales made by him. The court further says: "In this case the court could see no such evidence as would permit what would be practically a rewriting of the bond, if such were required, for if this bond plainly set forth that it was given to secure indebtedness arising on business in New York and that only, the sureties had a right to stand upon it, particularly as to Mr. Blakeslee, who testifies that he did not know where the business was to be done, and the court could not see any evidence which showed that he ever agreed or intended to agree to any other contract than that set forth in the bond; but upon the construction which the court gives to this bond a verdict for the plaintiff was directed." It is clear, therefore, that the learned court below ruled the case upon its interpretation of the bond uncontrolled by the testimony which it properly regarded as insufficient to control the effect of the obligation. We must deal with the case in the same way, as there is no averment in the statement that the plaintiff was induced to accept the obligation by fraud, accident or mistake, or that the obligation should be reformed so as to impose liability for sales made by the agent in this State. In other words, the liability of the sureties must be determined by the contract of the parties as disclosed by the language of the bond.

A bond, like any other contract, must be so construed as to carry out the intention of the parties accepting and

giving it. In the absence of fraud, accident or mistake, if the intention clearly appears from its terms its interpretation cannot be controlled by testimony dehors the instrument itself. The sureties have a right in such case to have the contract construed by the court, and the settled law of suretyship protects them against any change or extension of their agreement. They have the right to insist upon a strict adherence to the contract imposing liability, and any alteration by the principal parties to the contract, without the assent of the sureties, whether they sustain any injury by the change or even if it be for their benefit, releases them from the obligation. The language of the bond in question clearly discloses its purpose and the liability which it imposes. There is no ambiguity or uncertainty in its terms, and there is no difficulty in determining the obligation assumed by the sureties if the entire instrument is considered and given effect. The bond provides that "the condition of this obligation is such, that whereas W. D. Hammond, of Binghamton, New York, general agent for said Phœnix Mill Company, has appointed the said Amos Kresge local agent for the said Phœnix Mill Company for the sale of its goods within certain territory alloted to him in the State of New York." This is followed by the recital that it is agreed by Kresge, "local agent for the said Phœnix Mill Company," to remit to the company the amount of all moneys due to it resulting from the sale of all goods, less his commissions, etc. These recitals of the contract show that its purpose was to secure the faithful performance by Kresge of his duties as local agent of the company in the designated territory in the State of New York, and to require him to account to the plaintiff for all moneys received by him as the company's local agent in such territory. If such was not the intention of the parties in inserting the recitals in the bond, they are meaningless and should have been omitted from the instrument. The settled rules of interpretation applicable to contracts require the language to be given

effect, and hence it must be read into the succeeding pro-
vision of the bond which imposes the obligation on
Kresge of faithfully accounting to the company for "the
amount of all moneys due it, resulting from the sale of all
goods, either sold by him to any purchaser, or purchased
by him on his own account, or sold upon any orders ap-
proved by him, less the amount of his commission as
agreed upon for making sales." It was unnecessary to
designate in the condition of the bond the territory in
which the sales were to be made, as it would be simply a
repetition of the language in the recital of the obligation
which is clearly implied in this provision. Any other
construction would make the recitals in the bond sur-
plusage and meaningless, and would extend the contract
to cover sales made by Kresge in every state in which he
made sales of the plaintiff's products. Manifestly this
could not have been the intention of the sureties when
they executed the bond. It would produce results clearly
not contemplated by the parties when the instrument
was executed, and nullify the legal effect of the recital
which operates in restraint of the condition of the bond.
It would authorize the plaintiff to enforce the obligation
against the sureties on a bond given to secure the faith-
ful performance of the agent in one territory when the
liability arose in another territory for which there was
another bond with different sureties. The plaintiff is
a Minnesota corporation, engaged in a general flour and
milling business, and doubtless has local agents in most,
and possibly all, of the states of this country. The first
recital in this bond declares that the agent was appointed
to make sales in certain allotted territory in the State of
New York. Let us suppose that Kresge had been ap-
pointed the company's agent for New York, Pennsylvania
and Ohio, and had given separate bonds, similar to the
one in question, with different sureties, for the faithful
performance of his duties in the respective states. Let
us further suppose that he had defaulted in accounting
for the moneys received as agent for the sales made in

the State of Pennsylvania, and the sureties on the Pennsylvania bond were insolvent. If the position of the court below be correct, an action could be maintained on the New York or Ohio bond for Kresge's default in not accounting for moneys arising from sales made by him as local agent in the State of Pennsylvania. Each bond, according to the appellee's contention and as held by the court, would be an obligation to secure the faithful performance of Kresge in every locality in which he had been appointed local sales agent. The plaintiff could, at its pleasure, enforce satisfaction for Kresge's default in failing to account by suit on any bond on which the sureties might be solvent. We are clearly of the opinion that this is not the correct construction of the bond on which this suit was brought, and that the recitals in the instrument limited the liability of the sureties to sales made by Kresge in the territory allotted to him in the State of New York.

We have not been referred to any decision of this court which rules the case, but our conclusion is sustained by decisions in other jurisdictions. In Bell & Grant v. Bruen, 42 U. S. 169, 183, Mr. Justice CATON, delivering the opinion, says: "The general rule is well settled in controversies arising on the construction of bonds, with conditions for the performance of duties, preceded by recitals; that where the undertaking is general, it shall be restrained, and its obligatory force limited within the recitals......Where a mercantile guarantee is preceded by a recital, definite in its terms, and to which the general words obviously refer, the same rule applies, of limiting the liability within the terms of the recital, in restraint of the general words." In Bennehan v. Webb, 28 N. C. 57, 59, NASH, J., speaking for the court, says: "The condition of a bond is frequently preceded by a recital of certain explanatory facts, and in such case, if a certain particular thing be referred to, the recital will operate against the parties to the bond, as a conclusive admission of the fact recited; and these recitals will fre-

quently operate in restraint of the condition, though the words of it imply a larger liability than the recital contemplates." Chief Justice STUART, delivering the opinion in Dunham v. Johnson, 85 Minn. 268, 271, says: "In construing this bond we must ascertain from its language what the parties to it intended when they executed it. This intention, as disclosed by the recitals of the bond, appears to have been that the sureties on the bond should save the plaintiff harmless on account of any debts growing out of the wholesale grocery business theretofore conducted by the firm, and not against any unknown contingent stock liability of the firm by reason of its incidental ownership of the stock. The condition of the bond is not inconsistent in this respect with its recitals, but, were it otherwise, the latter, purporting as they do to express the intention of the parties, must control." There are decisions in other states and in England to the same effect.

The first, fourth and fifth assignments are sustained, the judgment against the appellants is reversed, and judgment is now entered for the appellants non obstante veredicto.