# Sheinman Brothers, Appellants, *v.* Hovland-Sardeson-McColm Co.

*Contracts—Evidence—Parol—Contemporaneous stipulation.*

Parol evidence is admissible to show that, at the execution of a written instrument, a stipulation was entered into, a condition annexed, or a verbal promise was made, on the faith of which the writing was executed.

In an action based upon a written memorandum of sale, it was proper to admit evidence that, at the time the writing was made, it was understood between the parties that it was uncertain whether the defendant would have any cloth for sale, and the company could not bind itself to any obligation to deliver unless it happened to have a surplus above its own needs.

*Withdrawal of juror—Improper remarks of counsel—Reproof by the court—Discretion of court.*

Where counsel for plaintiff made a "slurring criticism" of a witness by calling him a "willing witness," the trial judge was in the proper exercise of its duty in expressing disapprobation.

An application for withdrawal of a juror on such ground is addressed to the sound judicial discretion of the court.

*Evidence—Admission or exclusion after evidence is closed—Discretion of the court.*

The admission or exclusion of additional evidence, after the testimony is closed, is a matter within the discretion of the trial court, and his action will not be reversed, unless there has been a very plain abuse of discretion.

Argued October 6, 1921. Appeal, No. 42, Oct. T., 1921, by plaintiff, from judgment of C. P. No. 4, Phila. Co., Dec. T., 1918, No. 10, on verdict for defendant, in the case of Harry Sheinman and Max Sheinman, copartners, trading as Sheinman Brothers, v. Hovland-Sardeson-McColm Company. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER and LINN, JJ. Affirmed.

Assumpsit for breach of contract. Before FINLETTER, J.

The action was brought by the plaintiffs to recover damages for defendant's failure to deliver goods in accordance with a written agreement. The defendant in a set-off and counterclaim sought to recover $1,108.84 the price of part of the goods delivered. The plaintiffs in their reply admitted this to be due but averred that payment had not been made because of defendant's failure to deliver balance of goods.

Other facts are stated in the opinion of the Superior Court.

Verdict for defendant in the sum of $1,260.24, and judgment thereon. Plaintiffs appealed.

*Errors assigned* were various rulings on evidence, and refusal to withdraw a juror because of remarks of counsel.

*Alvin L. Levi,* and with him *David Mandel, Jr.,* and *Julius C. Levi,* for appellants.—Parol evidence should not have been received under prohibition of the Sales Act of 1915, P. L. 543, as interpreted in Mason-Heflin Coal Co. v. Currie, 270 Pa. 221; and Manufacturers L. & H. Co. v. Lamp et al., 269 Pa. 517.

*Percival H. Granger,* of *Reber & Granger,* for appellee. —Parol evidence is admissible to show a condition annexed to a written instrument on a verbal promise, upon the faith of which the writing was executed: Hurst's

479, (1922).]     Arguments—Opinion of the Court.

Lessee v. Kirkbride, 1 Binney 616; Malone v. Franklin Grocery Co., 65 Pa. Superior Ct. 586.

OPINION BY HENDERSON, J., March 3, 1922:

The plaintiff's action was brought to recover damages arising from the alleged failure of the defendant company to deliver a quantity of cloth pursuant to the following memorandum, signed by the defendant's authorized agent:

> "Hovland-Sardeson-McColm Co.
> "Designers and Makers of
> Coats and Suits
>
> "Chicago, Oct. 1
>
> "Sold to Sheinman Bros.
> "240 So. 5th St.
> "767-50 pieces Poplin at 157½ x 5% delivery Jan. and Feb. 2/10-60   Providing same is satisfactory to Whitman & Co.   About 25 to 50 pieces velour, American about equal asst.   220 x 2½c. yd.
>
> "(Signed) Borge."

The pieces of poplin were delivered to the plaintiffs. The controversy arises over the nondelivery of the velour. The plaintiffs alleged that the agreement covered an unqualified sale of the merchandise as described in the memorandum. The defense presented was that the defendant was not a dealer in cloth, but a manufacturer of women's coats and suits; that at times a surplus of cloth existed after the demands of the factory were met, in which instances such surplus was disposed of. It was asserted that the memorandum signed by the defendant's agent related to the existence of an anticipated surplus; that it was clearly understood between the plaintiffs and the defendant that it was only in the event that the defendant obtained from the American Woolen Company a larger quantity of velour than it might need that it would have any to sell; that it was willing to sell to the

plaintiffs any overplus, but could not agree to deliver any definite quantity, and that any arrangement made with the plaintiffs must be with reference to such surplus stock and could only take effect in the event that there would be a surplus; that the American Woolen Company failed to deliver to the defendant a larger amount of the fabric than the defendant needed and used in its business, consequently there was no stock to be delivered to the plaintiffs; that the plaintiffs well knew and understood the conditions of the agreement; that the memorandum set forth in the plaintiffs' statement of claim was made with the express understanding that if there should be no surplus there would be no sale. The evidence of three witnesses was offered in support of the defense presented and the first seven assignments of error relate to the action of the court admitting this testimony. The contention of the appellant is that the defense presented was an attempt to vary the terms of a written contract for the sale of goods by evidence of oral statements made before the written agreement was signed, and that such defense cannot be maintained because of numerous adjudications among the later of which are: Hamilton v. Fleck, 249 Pa. 607; Phœnix Mill Co. v. Kresge et al., 254 Pa. 36, and American Dressler Tunnel Kilns v. Holt, 269 Pa. 293. In the cases referred to the attempt was to establish a parol agreement in conflict with an unambiguous written agreement without any evidence or allegation of fraud, accident or mistake, or of a contemporaneous parol agreement on the strength of which the contract in suit was entered into; but these cases are not in contradiction of the line of decisions in which it is held that parol evidence is admissible to show that at the execution of a written instrument a stipulation was entered into, a condition annexed, or a verbal promise made upon the faith of which the writing was executed though it may vary or change the terms of the contract. In such cases it is not necessary to allege that the agreement was left

out of the contract through fraud, accident or mistake. It is an undoubted rule of law that where parties have deliberately put their engagements in writing and no ambiguity arises out of the terms employed, it is not permissible to contradict, vary or add to the language used to express their intention in the absence of fraud, accident or mistake. Where, however, the subject-matter of a contract arises, parol evidence may be admitted to identify the thing with respect to which the negotiation took place. Written agreements are to be construed according to the nature and condition of the subject-matter and the position of the parties. It is well established in this State that parol evidence is admissible to show that at the execution of a written instrument a stipulation was entered into, a condition annexed or a verbal promise was made on the faith of which the writing was executed: Greenawalt v. Kohne, 85 Pa. 369; Gandy v. Weckerly, 220 Pa. 285; Croyle v. Cambria L. & I. Co., 233 Pa. 310; Noel v. Kessler, 252 Pa. 244. Applying this principle to the evidence in the case, it is clear that the action of the court in admitting the evidence was correct. The evidence of the defendant is directly to the effect that at the time the memorandum of sale was made, Max Sheinman, one of the plaintiffs, conducted the negotiation with the defendant; he was informed that it was uncertain whether the defendant would have any cloth for sale or not; that there might be a few pieces of American velour, but the company could not bind itself to any obligation because it was not known whether there would be a delivery by the American Woolen Company of more than the defendant needed in its business. The agent of the defendant said to Sheinman: "If I get a surplus of the American velours, I shall let you have them, and the same with Whitman's Panama poplins." Sheinman then asked if the agent, Borge, would give him "a little memorandum" just for his own convenience so he would not forget. At the time of handing the memorandum, Borge said to Shein-

man : "Now, here, understand that I do not obligate the firm in any way, shape or manner, because we do not know whether we are going to get the goods or not in the first place. The American Woolen Company has not delivered us but a few pieces, and if we do not get enough to fulfill our own wants, we cannot give you any." To which the latter replied: "Very well, I do not expect you to deal with me in any different way." This evidence was corroborated by two other witnesses and was credited by the jury. If the transaction were as shown by the defendant's witnesses, the enforcement of the written agreement would be dishonest, and it is to prevent such injustice that the law is applied as above stated.

The second cause of complaint is that the court refused to withdraw a juror. The 8th and 9th assignments of error introduce this subject. The request for the withdrawal of a juror was made after reproof by the court of one of the counsel for the plaintiffs because during the progress of the examination the counsel used a "slurring criticism" of the witness by calling him a "willing witness." This is all the record shows of the action of the court and the occasion therefor, and we find nothing therein to convince us of error in proceeding with the trial. To reprove is to express disapprobation of, and it is clearly within the privilege of the court to protect a witness from unwarranted accusations by counsel. A witness is usually in court in response to legal process, and it is the duty of the court to prevent improper assaults on his character. It was said at the argument that the record does not disclose all that took place when the incident occurred, but we can only consider that which is brought up as the record. If anything important properly belonged therein, but was omitted, the perfecting of the record was a subject for correction in the regular manner. Application for the withdrawal of a juror is addressed to the sound judicial discretion of the trial court, and the refusal of a motion to that

effect is only reviewable for abuse of discretion: Lopresti v. Sulkin, 49 Pa. Superior Ct. 417; Dannals v. Silvania Township, 255 Pa. 156. We are unable to find that the trial judge was guilty of abuse of discretion in the matter complained of. If the counsel in the exercise of professional zeal made a slurring criticism of the witness, the court was not only not in error in taking notice of the fact, but was in the proper exercise of his duty in expressing disapprobation of it. Taking the record as presented, we are not warranted in sustaining the assignments. During the trial a letter of the defendant dated August 12, 1918, was offered by the plaintiffs. The offer was objected to and the objection sustained by the court for the reason that the rebutting evidence for the plaintiffs had closed. The admission or exclusion of additional evidence after the evidence is closed is a matter within the discretion of the trial court and such action will not be reversed unless there has been a very plain abuse of discretion: Lauer v. Yetzer, 3 Pa. Superior Ct. 461. The assignment is without merit in addition, inasmuch as the letter was subsequently submitted to the jury on their request: Com. v. Danz, 211 Pa. 507; Fitzpatrick v. Union Trac. Co., 206 Pa. 335. Moreover, an examination of it shows that the plaintiffs were not prejudiced by its exclusion. It was the defendant's statement with reference to the contract and was not contradictory of the oral testimony offered by the defendant.

The other assignments do not require discussion. We do not find reversible error in the record.

The judgment is affirmed.