New Holland Dairies, Inc. *v.* Regent Dairy
Products Corp. et al., Appellants.

Argued March 19, 1934.

Before TREX-
LER, P. J., KELLER, CUNNINGHAM, BALDRIGE, STADTFELD,
PARKER and JAMES, JJ.

*F. Lyman Windolph* of *Windolph & Mueller,* for
appellant.

*Chas. W. Eaby,* and with him *Amos E. Burkholder,*
for appellee.

OPINION BY PARKER, J., October 3, 1934:

The Regent Dairy Products Corporation failed to
pay certain sums due by it to the New Holland Dairies,
Inc., on a written contract, and thereupon that com-
pany brought suit on a bond given by the Regent Cor-
poration as principal and the Constitution Indemnity
Company of Philadelphia as surety. The question on
this appeal is whether such failure to pay was within
the condition of the bond.

On the trial of the case the plaintiff offered evidence
in support of its claim, and no evidence was submitted
by the defendant, it depending upon a legal defense.
The court instructed the jury that if they believed the
testimony offered by the plaintiff, the verdict should
be for it for the amount in dispute. The verdict hav-
ing been for the plaintiff, we must consider the facts
and all reasonable inferences to be drawn therefrom in
a light most favorable to the plaintiff.

The New Holland Company entered into a written agreement with the Regent Corporation whereby the New Holland Company leased to the Regent Corporation certain dairies located in New Holland, Pa., and it was provided therein: "As and for the reserved rental the first party shall pay, the second party shall accept, five cents for every hundred (100) pounds of milk received in both creameries and such payment shall be made at the same time that farmers or patrons are paid as provided for herein." The Regent Corporation also undertook to pay for all milk delivered to it a certain price per gallon based upon the butter fats content, which sums were to be paid directly to the farmers or patrons so delivering the milk, and to "furnish a bond or bonds, acceptable to the second party, assuring payment of milk delivered hereunder [thereunder]." The bond given by the Regent Corporation with the Indemnity Company as surety referred to the contract and recited the fact that the Regent Corporation was required "to furnish a surety bond, guaranteeing payment for milk and cream purchased by the principal from the obligee at its creamery at New Holland." The condition of the bond was as follows: "Now, therefore, the condition of this obligation is such that if the principal shall well and truly pay for the milk and cream purchased during the period beginning June 24, 1931, and ending June 24, 1932, from the obligee herein, then this obligation to be void; otherwise to remain in full force and effect."

All amounts due under the clause in the contract which provided for the payment for milk and cream delivered at a certain price based on butter fats content were paid, but certain sums due for the reserved rental at five cents for every hundred pounds of milk received in the creameries were not paid, and to recover these amounts this suit was brought.

In view of the fact that the bond recited the contract between the obligee and the principal, the bond should be interpreted in the light which the contract throws on its purpose and intended scope: Dunbar v. Fleisher, 137 Pa. 85, 20 A. 520; Reilly v. McCrea, 62 Pa. Superior Ct. 308. On examining the contract we find two undertakings upon the part of the Regent Corporation: (1) To pay a rental at the rate of five cents per hundred pounds on milk received at the creamery; (2) To pay a definite amount as the purchase price of the milk, depending upon the butter fats content. The payment first provided for was a rental, notwithstanding the fact that it was measured by the amount of milk delivered. The contract contemplated the renting of the creameries to the Regent Corporation and the furnishing of milk and cream to it. The New Holland Company was to receive a sum as rental and also the purchase price of the milk. The sum of five cents per hundred pounds was to be paid not for the milk and cream, but as rent. The contract provided that a bond was to be given not for the rental, but for the purpose of guaranteeing a payment for the milk and cream. The bond provided security only for the purchase price of the milk and cream. If a fixed annual rental of one sum had been provided for in the contract, it scarcely could be contended that the bond, in view of its clear terms, could be extended to cover responsibility for such rental. The contractual obligation assumed by the surety was that set up in the bond. This is true even though the bond recited the contract: Nazareth F. & M. Co. v. Marshall Co., 258 Pa. 558, 564, 102 A. 268. Here, however, the case is even clearer, for the contract itself supports our conclusion. The words of the condition of the bond cover only the amounts to be paid for milk and cream, that is, the purchase price of the product. It will also be noted that what the contract itself calls rental is

measured not by the value of the milk and cream but is based on the quantity. If the sum in dispute were a part of a purchase price, such price would naturally be determined by the butter fats content.

The fact that the defendant was a paid surety and that the contract is therefore to be construed most strictly against it does not warrant a construction of words contrary to their clear intent. ''A bond, like any other contract, must be so construed as to carry out the intention of the parties accepting and giving it. In the absence of fraud, accident or mistake, if the intention clearly appears from its terms, its interpretation cannot be controlled by testimony dehors the instrument itself. The sureties have a right in such case to have the contract construed by the court, and the settled law of suretyship protects them against any change or extension of their agreement'': Phoenix Mill. Co. v. Kresge, 254 Pa. 36, 41, 42, 98 A. 772.

This inquiry naturally arises: If the bond was not given to secure that portion of the consideration represented by an amount fixed at five cents per hundred pounds of milk and cream delivered, for what was it security? While the proofs offered in respect of the relationship between the New Holland Company and the farmers in the delivery of the milk left much to be desired and it was not shown what the precise arrangement was under which the milk and cream were delivered to the New Holland Company, nevertheless it was testified by the plaintiff's witnesses that the milk and cream delivered to the Regent Corporation was the property of the New Holland Company when so delivered. The verdict having been for the plaintiff, we must assume that the jury found the facts as stated by the plaintiff's witnesses. On this subject defendant's counsel cross-examined the witness at length when the statement was repeated a number of times, and nothing was offered to offset such proof.

The jury may have inferred, and properly so, that the New Holland Company had contracted to purchase milk from the farmers and was responsible for the price when delivered, and that to protect it in such undertaking, it required the bond. On the other hand, if all of the milk and cream delivered to the Regent Corporation was the property of the farmers, certainly the plaintiff would not have required a bond for forty thousand dollars to guarantee the payment of the rent alone for the two creameries.

The majority of the court are of the opinion that the plain words of the bond show a clear intention to limit the liability of the surety to the payment of the purchase price of the milk and cream and do not cover sums due as rental for the creameries, and even though we have recourse to the contract for light on the purpose and intended scope of the bond, the same result is reached.

The judgment of the lower court is reversed, and it is directed that judgment be entered for the defendant.